BUCK v. PEOPLE'S STREET RAILWAY & ELECTRIC LIGHT
& POWER COMPANY, *Appellant.*

DIVISION ONE.

1. **Street Railway:** NEGLIGENCE: PRACTICE: VARIANCE. Where a
petition charged negligence of the driver of a street car in prema-
turely starting it while plaintiff was alighting and the evidence
supported the charge, the fact that a defective brake contributed to
the injury will not defeat a recovery, and constitutes no variance.

2. ———: ———: FREE PASSENGER: CHILD. A small boy became a
free passenger on defendant's street cars by consent of the driver
in charge; *held,* that defendant became bound to exercise toward
him the same care as toward other passengers.

3. **Practice:** DEMURRER. In. determining whether a cause should
go to the jury the court must give plaintiff the benefit of the
most favorable view of his facts and of every reasonable inference
therefrom.

4. ———: INSTRUCTION: HARMLESS ERRORS: MEASURE OF DAMAGES.
A too general instruction on the measure of damages is harmless
error, if accompanied by a full and correct one on the same
subject.

5. ———: ———. Courts should not unnecessarily multiply instruc-
tions. It is not error to refuse those the essential principles of
which have been already given.

6. **Railroad:** PERSONAL INJURY: DAMAGES. A boy received injuries
from having been run over by a car, with the ordinary conse-
quences of pain, etc., and, moreover, a permanent limp and
incapacity to straighten his leg; *held,* $3,000 damages were not
excessive.

7. **Practice:** INSTRUCTIONS. Under the Missouri practice act (R. S.
1889, sec. 2188), *held* by BRACE and BARCLAY, JJ., that where an
instruction is first asked during the closing argument to the jury,
it rests in the sound discretion of the court to give or refuse it; but
*held, contra,* by SHERWOOD, C. J., and BLACK, J., that, if correct,
it should be given then as of right.

*Appeal from Buchanan Circuit Court.*—Hon. O. M. Spencer, Judge.

Affirmed.

Action for personal injuries to plaintiff by defendant as a passenger carrier. Judgment for plaintiff; defendant appealed.

The defendant's request for instruction, numbered 1 (mentioned in the opinion), as originally asked, read as shown below; but the court erased the words now inclosed by brackets, added in their stead those indicated by italics, and then gave the instruction so modified.

"1. If the jury believe from the evidence that Orley Buck got onto defendant's car to ride thereon, and that the driver of said car stopped said car at the place where said Orley Buck wanted to get off, and that the driver then set the brake of said car, and said Orley Buck then got off of said car while it was still standing, but continued to hold to the rod thereof with one or both hands, and while he was so holding to said rod the brake slipped off its fastening on account of being defective, and the car in consequence thereof then started, or in consequence thereof was started, while said Orley Buck was still holding to said rod, and said Orley Buck was hurt, by and on account of the fact that the car was started [ in the manner aforesaid ] *by reason solely of the defective brake and without any want of care or negligence on the part of the servant in running and operating said car*, then the jury will find for the defendant."

Another refused request of defendant, referred to by the court, is as follows:

"7. The court instructs the jury that if they believe from the evidence that plaintiff was riding on defendant's car without paying any fare for riding, and that defendant's driver stopped said car for him to get off, and that he did get off, and that while he was holding to the rod

of said car, the brake slipped by reason of being defect-
ive, and that the mules or car started in consequence of
the slipping of the brake and that plaintiff was hurt in
consequence of the car or mules starting on, in said
manner, the plaintiff cannot recover in the case."

Other facts appear in the opinion of the court.

*D. D. Burnes* and *James W. Boyd* for appellant.

( 1 )  The trial court committed error in refusing to
instruct the jury to find for defendant when plaintiff
closed his case, and also in refusing a similar instruction
when the case was closed.  The plaintiff's evidence fails
to make out a case.  It not only fails to prove the
material allegations in the petition, but it actually dis-
proves these allegations.  ( 2 )  *First.*  Plaintiff in his
instruction, numbered 1, submits an issue to the jury
which is not only not in the pleadings, but which is in
direct opposition to his own allegations.  He cannot
recover upon a theory which directly contradicts his
petition.  Instructions must be predicated upon issues
made by the pleadings.  *Second.*  The fourth instruc-
tion given on the part of respondent contains a similar
error.  His instructions antagonize his petition, and his
evidence antagonizes his instructions.  He has no case.
If there is any need of pleadings, there is no need of
authorities.  A plaintiff must put his case on paper,
and prove the contents of the paper, before he can take
a judgment.  *Price v. Railroad,* 72 Mo. 414; *Bank v.
Murdock,* 62 Mo. 70 ; *Campbell v. Heelan,* 43 Mo. 591 ;
*Moffat v. Conklin,* 35 Mo. 453 ; *Bank v. Westlake,* 21
Mo. App. 565; *Bank v. Metcalf,* 29 Mo. App. 384;
*Current v. Railroad,* 86 Mo. 67 ; *Abbott v. Railroad,*
83 Mo. 278; *Glass v. Gelvin,* 80 Mo. 297 ; *Benson v.
Railroad,* 78 Mo. 504; *Wade v. Hardy,* 75 Mo. 394.
( 3 )  The damages are excessive.  ( 4 )  The measure of
damages laid down by the court as a guide to the jury
is erroneous.  The instructions on this subject wrongly

assume controverted facts. *Bank v. Metcalf*, 29 Mo. App. 384; *Fitzgerald v. Haywood*, 50 Mo. 516; *Bank v. Crandall*, 87 Mo. 208; *State v. Hecox*, 83 Mo. 531; *Maxwell v. Railroad*, 85 Mo. 95; *Comer v. Taylor*, 82 Mo. 347. The court should have instructed the jury what was the measure of damages. *Stewart v. Clinton*, 79 Mo. 603. The instruction, numbered 4, submits a question of law—the measure of damages—to the jury. This is error. *Albert v. Besel*, 88 Mo. 150; *Hudson v. Railroad*, 53 Mo. 525; *Morgan v. Durfee*, 69 Mo. 469; *Turner v. Railroad*, 76 Mo. 261; *Railroad v. Cleary*, 77 Mo. 634; *Kendig v. Railroad*, 79 Mo. 207. (5) The court committed error in refusing to give the jury instructions, numbered 1, 7 and 10, asked by the appellant. These instructions are proper statements of the law. *Maupin v. Mining Co.*, 78 Mo. 24; *Cohn v. Reid*, 18 Mo. App. 115. (6) It was error to refuse instruction, numbered 2, asked by appellant.

*Ryan & MacDonald* for respondent.

(1) The action of the court in refusing defendant's demurrer at the close of plaintiff's case was supported by the law and the evidence. (2) The second point made by appellant, that respondent recovered upon a cause of action not alleged in his petition, is conclusively refuted by an examination of the second count in plaintiff's petition. (3) The damages are not excessive. Under the uncontradicted facts the jury were moderate in their allowance. *Furnish v. Railroad*, 102 Mo. 455, and cases cited; *Ridenhour v. Cable Co.*, 102 Mo. 270. (4) The instructions given on the measure of damages were correct and proper, and supported by the decisions of this court. *Waldhier v. Railroad*, 87 Mo. 37; *Whalen v. Railroad*, 60 Mo. 325; *Haniford v. City of Kansas*, 103 Mo. 172; *Klutts v. Railroad*, 75 Mo. 644; *Hawes v. Stock Yards*, 103 Mo. 67. (5) Instruction, numbered 10, asked by appellant, was properly refused

by the court, because it was offered about ten minutes before the case went to the jury. Being offered at that time it was properly refused by the court, since the statutes provide that instructions must be given before argument. R. S. 1891, sec. 2188; *Cluskey v. St. Louis*, 50 Mo. 89; *Burns v. Wilson*, 1 Mo. App. 181, 182, and cases cited.

BARCLAY, J.—The plaintiff was a small boy at the time of the injury that forms the basis of this action. The proceeding was begun, in his interest, by his father as next friend, and, after issues joined, a trial was had before Judge SPENCER and a jury.

The plaintiff's testimony tends to show that he got aboard a street car of defendant's line in St. Joseph to take a ride with the driver, who was in sole charge, one afternoon in April, 1889. Nobody else was on the car. Plaintiff took a position on the front platform by the driver. When they reached a point near the boy's home, he expressed a wish to get off. The driver stopped the car and took plaintiff by the arm to help him. As he was about reaching the ground, but had not fully cleared the car, the latter suddenly started, throwing the boy down so that the car ran over his leg. His hand was yet on the iron rail by the side of the platform when the forward jerk took place. He then tried, by catching hold with both hands, to keep from under the car; but his strength gave out, and, when he let go, the front wheel ran over him before the team of mules could be stopped.

I. The first objection to the rulings of the trial court refers to the sufficiency of the petition. It is questioned as stating a different sort of negligence from that shown by the evidence. The petition contains two counts. In the first, it is charged that defendant's employe, in control of the car, "negligently and unlawfully permitted him, the said plaintiff, to alight from the front platform of said car, so under his charge,

while the same was in motion, and that, while in the act of so alighting from said car as aforesaid, the said servant of the defendant carelessly and negligently, and without any fault of plaintiff, ran said car upon and against the plaintiff, and knocked him down and ran the wheels of said car over, upon and across the right leg of plaintiff."

In the second count it is alleged that "the plaintiff, with the knowledge, consent and permission of the employe of defendant, so in charge and control of said car as aforesaid, attempted to alight from the front platform of said car, but before plaintiff had time and opportunity to safely alight therefrom the said employe of defendant, so in charge of said car as aforesaid, suddenly, carelessly and negligently started said car forward, and carelessly and negligently, and without fault or negligence upon the part of plaintiff, caused said car to run upon and against the plaintiff, knocking him down, and carelessly and negligently ran the wheels of said car over, upon and across the right leg of plaintiff," etc.

Defendant claims that these specifications of negligence are not sustained by the evidence, inasmuch as (in addition to the facts already stated) it appeared that the brake on the front platform of the car was not in good order.

The contention is that the injury is attributable, not to the negligence alleged of the driver, but to the defective brake which is not complained of in the pleading.

The driver had knowledge of the condition of the brake. It would not catch and stand fast, and thus hold the car, unless continually held by the person in charge. On the occasion of this mishap, as the driver admitted, the moment he "let go of the brake," it "[the car] started; the brake flew loose." He then was in the act of helping the boy down the step. The

evidence, we think, fairly justified an inference of neg-
ligence on the driver's part in letting go the brake so
soon, in view of its condition; and that the injury
resulted from that negligence. The court closely con-
fined the scope of liability to the case made by the peti-
tion, and instructed the jury expressly that plaintiff
could not recover "on account of any injury which may
have happened to him solely through, by or on account
of any defect in the brake of said car."

Whether this was an entirely accurate statement of
law for this case, we need not stop to consider. Plain-
tiff did not except to it. The defendant asked and
obtained it from the court, and it certainly presented a
view of the law quite as favorable to defendant as it was
entitled to on this part of the case.

II.   Defendant next insists that the cause should
have been taken from the jury, and that the facts dis-
close no ground for plaintiff's judgment.

The plaintiff got on the car a few blocks from his
home. He knew the driver and asked him for a ride.
The driver consented, stopped the car and took him
aboard. He paid no fare. The immediate circumstances
of his accident in getting off have been already
stated.

Plaintiff was lawfully upon the car. By consenting
to his riding there, defendant became bound to exercise
toward him the same care as toward other passen-
gers. This is a necessary and plain deduction from
decisions heretofore rendered on this subject in Mis-
souri (*Muehlhausen v. Railroad* (1886), 91 Mo. 332;
*Whitehead v. Railroad* (1889), 99 Mo. 270), so it is
unnecessary to discuss the proposition as an original
one.

That the act of the driver (in letting go the brake
before the boy had safely cleared the car) might reason-
ably be found negligent, we think very clear. That the
act might also fairly be found to have caused plaintiff's
injury, seems equally evident.

There are, no doubt, certain contradictions in the statements of some of the witnesses, but that is a matter with which we have no present concern. In determining whether the cause should go to the jury, we must give plaintiff the benefit of the most favorable view of his facts and of every reasonable inference therefrom. So viewed, we think this case is one for triers of fact to decide, and that there was no error in submitting it for their action.

III. It is moreover claimed that the award of damages ( $3,000 ) is excessive. The evidence touching the nature and extent of plaintiff's injuries was given by the boy's father, by the two physicians who attended and examined him, as well as by several bystanders who helped plaintiff out from under the car. The wound was both contused and lacerated, some eight or ten inches long, and three inches wide, near the knee, and soon became an aggravated ulceration. Gangrene set in. He suffered severe pain, was confined to bed for three months, and, at the time of the trial ( eight months after the accident ), the wound was yet open and unhealed. Both physicians concurred in the opinion that the injury was permanent, and that plaintiff would always be obliged to walk with a limp, owing to the loss of muscular tissue, and could not straighten out his leg. The testimony on this point was not contradicted in any particular.

All the evidence shows that plaintiff is a mere child, though his exact age does not appear. It is stated in the petition at six years, but the general denial of the answer prevents our accepting that statement as a fact. He was before the circuit court and jury, but was not called as a witness ; all the references to him throughout the trial indicate that he is quite young. In view of that fact, and of the permanent nature of the injury, we do not consider the assessment of his damages at $3,000 excessive. It certainly does not appear exorbitant, or even to suggest the propriety of any revisory pruning by this court.

IV.  It is further assigned that the court erred in its instructions touching the measure of recovery.  The error claimed is in the fourth, given for plaintiff, which (as we shall later have occasion to refer to its language on another point) had better be quoted in full, viz.:

"4.  The court instructs the jury that the defendant as a street railway company is responsible to its passengers for the careless and negligent acts of its servants and agents employed by it in running and managing its cars, and that the defendant, as such street railway company, is bound to exercise reasonable care and vigilance in carrying its passengers to their destination, and is bound to allow a reasonable and sufficient time to enable such passengers to safely alight from its cars; if the jury believe from the evidence in this case that the car in which the plaintiff was transported was not allowed to remain standing still such a reasonable and sufficient length of time as to enable the plaintiff, by the exercise of reasonable diligence, to safely alight from the said car, but, while the plaintiff was using reasonable diligence in alighting from said car, it was by the defendant's servant negligently and carelessly permitted suddenly to jerk and start, by reason of which sudden jerking and starting of said car the plaintiff was precipitated under said car and injured as alleged in the petition, the jury should find the issues for plaintiff in this case and assess his damages at such sum, not exceeding $25,000, as they may believe from the evidence he is entitled."

Along with this was another instruction, given at the instance of plaintiff, touching the damages, as follows:

"2.  The court instructs the jury that, if they find for the plaintiff, in assessing the damages they should take into consideration the age and situation of plaintiff, his bodily suffering and mental anguish resulting from the injury received, the extent and permanency of the injury sustained; but in no case shall they find in a greater amount than $25,000."

Did the fourth instruction stand alone, and its bearing on the result of the trial seem to us prejudicial to defendant (as in *Hawes v. Stock Yards Co.* (1890), 103 Mo. 60), the case would have a decidedly different aspect from that it now presents. Here the objectionable instruction (whose chief fault is generality) is accompanied by another, stating the proper legal elements going to make up plaintiff's measure of compensation; while the verdict following seems reasonable, and plainly within the limitations marked by the more particular instruction.

It is our duty not to reverse a judgment for any error not materially affecting the substantial rights of the adverse party. R. S. 1889, secs. 2303, 2100. Reading these instructions together, it is not clear that the fourth can fairly be held erroneous in the circumstances; but, even if it be, we think it likewise appears to have had no injurious effect upon the result of the litigation. It does not, therefore, furnish sufficient cause for a reversal.

V. But the fourth instruction for plaintiff is challenged from another standpoint. It is said that it makes defendant liable for failing to allow the car "to remain standing still such a reasonable and sufficient length of time as to enable the plaintiff," etc., "to safely alight," and that no such cause of action appears in the petition. But it is plain, on reading the instruction through, that the finding of the fact just referred to is introduced merely as preliminary to the finding of negligence in suddenly starting the car while plaintiff was alighting from it. The instruction, we think, cannot fairly be regarded as reaching outside the paper case for issues.

VI. Defendant also complains of the modification of its request for instruction, numbered 1, as shown in the statement preceding this opinion.

The court had already told the jury that there could be no recovery for any injury resulting "solely

through, by or on account of any defect in the brake."
The request numbered 1 did no more than put that
identical proposition in another shape.   The modifica-
tion by the court does not substantially change the
legal effect of the original request, except in so far
as it restates, at the close, the theory of the case
embodied in the instructions for plaintiff, touching the
negligence of the driver, which theory we have already
discussed and approved in previous paragraphs of this
opinion.

VII.   The refusal of defendant's request numbered
7 was not error.   Whatever of legal principle it con-
tained, materially bearing on the facts, was already
before the jury.   The court should be commended for
not increasing the number of instructions, unnecessarily,
by mere repetition.

VIII.   Another assignment of error is based upon
the refusal of defendant's request for instruction num-
bered 10 in these words :

" The court instructs the jury that if they believe
from the evidence that Orley Buck got off of said car,
and, when said car started, tried to get on said car and
in consequence thereof was hurt, the jury will find for
defendant."

After a careful examination of the record, we find
no testimony fairly tending to support that request, and
it was, therefore, properly refused.   There is no evidence
that plaintiff had cleared the car and then tried to get
on, after it started.   The testimony that he seized the
iron railing of the dashboard, when the car moved
suddenly forward, plainly shows that it was not with
the purpose of getting aboard the car, but in the
endeavor to save himself from the danger of getting
under the car, which the unexpected movement of the
latter created.   All the evidence shows that he had
asked to get off and was in the act of doing so, with
the help of the driver, when the abrupt start took place
and did the damage.

IX.    Furthermore, the circuit judge in the bill of exceptions certifies that request numbered 10 was refused because it "was offered while the closing argument was being made and ten minutes before the jury was permitted to retire for consideration of the case."

Our statute declares that, "when the evidence is concluded, and before the case is argued or submitted to the jury, or to the court sitting as a jury, either party may move the court to give instructions on any point of law arising in the cause," etc.    R. S. 1889, sec. 2188.

The instruction here in question relates merely to the general issues in the case.    There is nothing before us to show that it was called for by anything that had happened during the argument; nor does it bear, on its face, any indication that it was suggested or made necessary by occurrences that took place after the other instructions were given.

We are of opinion that the orderly and efficient dispatch of business in the trial court demands that the judge thereof be invested with some discretion on this subject, as on many others, and that he may properly insist, ordinarily, on the presentation of requests for instructions before the argument begins.    We should assume that he is actuated in his course by a desire to do full justice in the particular case, and he certainly has a closer and better view of the trial than we obtain from a record.    When an instruction is asked, as in this instance, out of the order defined by the statute quoted, we think it rests in the sound discretion of the court to determine whether or not the interests of justice require it to be given, and that, to predicate error upon its refusal, some showing should be made (beyond the mere correctness of the request), indicating an abuse of that discretion.    No such showing is made in this case.

What circumstances, if any, will warrant or demand the giving of an instruction at a later period than the opening of the argument (if the cause be argued), this appeal does not call upon us to say.    We express no opinion on that point; but we hold that the circuit court

Mahaney v. The St. Louis & H. Ry. Co.

is not bound, merely because asked, to give an instruction, presented for the first time, as here, during the closing argument to the jury. *Posey v. Patton* (1891), 109 N. C. 455.

Judge BRACE concurs in this paragraph, but Chief Justice SHERWOOD and Judge BLACK are of opinion that the court should give any correct and pertinent instruction, if requested at any time before the cause finally goes to the jury, as in the present instance.

X. We have noticed all the assignments of error that appear to merit remark, and, finding none of them well taken, affirm the judgment.

Except as indicated in the ninth paragraph, all the judges of this division concur fully in this opinion.