CASE 42.—ACTION BY CHARLIE SMITH BY HIS GUARDIAN
    AGAINST THE PALMER TRANSFER COMPANY.
    —March 2, 1910.

## Palmer Transfer Co. v. Smith

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Carriers—Bus Driver—Injury to Guest—Negligence.—In an
    action against a transfer company for injuries to the guest
    of the driver of a bus, evidence held to justify submission
    of the driver's negligence to the jury.
2.  Carriers—Guests—Nature of Liability.—Where the driver of
    defendant's bus, without authority and without defendant's
    knowledge or consent, invited plaintiff to ride on the bus
    without payment of fare, plaintiff was entitled to the same
    rights, and defendant owed him the same duty, as it owed
    a passenger.
3.  Carriers—Transfer Company—Authority of Driver—Evi-
    dence.—Defendant's bus driver, having authority to accept
    and receive passengers, having requested plaintiff to ride
    with him without paying fare at the time plaintiff was in-
    jured by the driver's negligence, evidence that defendant's
    officers had forbidden plaintiff to ride on the bus was inad-
    missible.
4.  Damages—Personal Injuries—Excessiveness.—Plaintiff, a
    hunchback negro about 15 years old, was invited by de-
    fendant's driver to ride on the bus with him, and while
    so doing was injured by the driver's negligence. Plaintiff's
    leg was broken at a point between the knee and thigh, and
    he was compelled to remain in bed for four months, after
    which he walked on crutches for three months more. Held,
    that a verdict for $900 was not excessive.

J. D. MOCQUOT for appellant.

HENDRICK & CORBETT and BURNS & BURNS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

The appellant, Palmer Transfer Company, owns and operates a bus line in the city of Paducah. Charlie Smith, while riding on one of appellant's busses, was thrown therefrom and his leg broken. Charging that the injury was due to the negligence of appellant, he, by his guardian, instituted this action to recover damages. The jury returned a verdict in his favor for $900. From the judgment based thereon, this appeal is prosecuted.

Appellant asks a reversal of the judgment upon the following grounds: (1) Error of the court in refusing to peremptorily instruct the jury to find for appellant. (2) The court erred in refusing to permit appellant's officers to testify that they had forbidden appellee to ride on the bus. (3) The verdict of the jury is excessive.

The accident occurred on February 6, 1908, under the following circumstances: John Crowell, who was in charge of appellant's omnibus as driver, invited Charlie Smith to ride with him to the Union Station and return. While waiting at the station, Crowell and a driver of a cab belonging to appellant made a wager as to who could return to town first. They then began to drive rapidly back to town, Crowell going to the left of the street, while the driver of the cab proceeded to the right. The bus on which Crowell and Charlie Smith were riding collided with a street car, and Charlie Smith was thrown from the bus and his leg broken. The evidence for appellee is to the effect that both the bus and car pro-

ceeded up town at a very rapid rate. When they arrived at the intersection of Twelfth and Caldwell streets, going eastwardly on Caldwell, one block from the scene of the collision, appellee called Crowell's attention to the sparks emitted from the trolley of the car which was on Eleventh street, between Norton and Caldwell streets and approaching Caldwell street. The car was going from the city to the station. The omnibus was going in the opposite direction. When the omnibus reached Twelfth street, Charlie Smith said to the driver, "Cross over, John. The car is coming." Smith then attempted to take hold of the lines, but the driver took them out of his hands. At the same time the driver said: "You are a liar. I left the car at the station." As the car was approaching the corner and turning around the same, the gong was being sounded. As the driver of the bus approached the corner he began to whip up faster. Smith then told him that they could not make it over. The driver then attempted to turn straight across the track in order to get out of the way of the car. The car was proceeding slowly at the time. When the motorman saw that a collision was about to take place, he attempted to stop the car. The car and the bus collided, and appellee was thrown to the ground. His left leg was broken between the knee and the hip. He was confined to his bed for four months. His leg is somewhat shorter than it was before the accident. After he left his bed, he had to use crutches for three months. He contracted to pay his physician $50.

The evidence for appellant is to the effect that the driver of the bus proceeded up town at the usual rate of speed. At the time of the accident he was not going fast. The gong of the car was not being sound-

Palmer Transfer Co. v. Smith.

ed as they turned the corner. The driver was taken unawares, and did the best he could to avoid the accident. It is manifest that, if appellant is liable at all, there was abundant evidence upon which to submit to the jury the question of negligence. Counsel for appellant insists, however, that the driver of the bus, without authority from appellant and without its knowledge or consent, simply invited appellee to ride on the bus; that appellee was therefore simply a guest of the driver, and not a passenger to whom appellant owed any duty. Such doctrine, however, is not in force in this state. This court in the case of L. & N. R. R. Co. v. Scott's Adm'r, 108 Ky. 392, 56 S. W. 674, 22 Ky. Law Rep. 30, 50 L. R. A. 381, held that one who rides on a passenger train by courtesy of the conductor without paying fare, although in violation of the rule of the company, is entitled to the same care which is due a passenger for hire. In Thompson on Carriers of Passengers, p. 44, the rule is thus stated: "The simple fact that an agent of the carrier violates his duty, and invites a person to ride free, without collusion on his part with the agent to defraud the carrier, will not operate so as to deprive him of his remedy as a passenger, if he is injured through carelessness of the carrier's agents." In Wilson v. Railroad Co., 107 Mass. 110, 9 Am. Rep. 11, the driver of a horse car invited a person to get on the car, and while thus traveling he was injured. The court said: "A master is bound by the acts of his servant in the course of his employment. They are deemed to be the act of the master." In Hutchinson on Carriers, § 1020, it is said: "A child riding on a street car upon the invitation of the driver is a passenger, and entitled to protection as such." In 6 Cyc. 541, the rule is thus stated: "While it would

seem reasonable that newsboys or children who are permitted to ride on a car gratuitously with knowledge that the employe giving the permission has no authority to do so are not passengers, such doctrine is not supported by the weight of authority, and there are many cases holding that a child accepting the invitation of a person in charge of a railroad or street car to ride thereon, without any payment of fare being intended, becomes a passenger, with reference to whose safety the carrier has the same liability as with reference to a paying passenger." This doctrine finds support in the following cases: Little Rock Traction, etc., Co. v. Nelson, 66 Ark. 494, 52 S. W. 7; Brennan v. Fair Haven, etc., R. Co., 45 Conn. 284, 29 Am. Rep. 679; Buck v. People's St. R., etc., Co., 108 Mo. 179, 18 S. W. 1090; Danbeck v. New Jersey Traction Co., 57 N. J. Law, 463, 31 Atl. 1038.

Applying the doctrine above announced to the facts of this case, we find that the driver was in charge of the bus, and as such was authorized to receive passengers. He invited the appellee, a hunchback negro boy, who was only 15 years of age, to ride with him. This act was within the scope of his employment. The boy was not merely the guest of the driver, but became a passenger to whom appellant owed the same duty that it did to other passengers. When, therefore, appellee was injured by the driver's negligence, appellant became liable in damages. The doctrine announced in the case of Corrigan v. Hunter, 122 S. W. 131, has no application to this case. Corrigan was not a common carrier. His trainer was authorized to place upon his horses only such boys that had been selected and employed for that purpose. The trainer had no authority to select and employ boys. His act in placing

upon a horse a boy who had not been selected or employed for that purpose was not within the scope of his employment. In the case at bar the appellant was engaged in the business of carrying passengers. Its driver had a right to accept passengers. When he invited the boy to ride with him, it then became appellant's duty to exercise towards the boy the same care that the law requires in case of passengers who pay their fare. Nor do we think the court erred in excluding the testimony to the effect that appellant's officers had forbidden appellee to ride on the bus. When appellant placed Crowell in charge of its bus, it gave to him the same authority to accept or receive passengers that its officers possessed. It is therefore no defense to appellee's cause of action that one of appellant's officers forbade him to ride on the bus, when another employe of appellant, who was at the time in charge of the bus and who had the authority to invite passengers to ride with him, invited appellee to do so. Where a boy's leg is broken at a point between the knee and the thigh, and he is compelled to remain in bed for about four months and to walk on crutches for some three months more, we cannot say that a verdict for $900 is excessive. We have sustained verdicts for much larger sums in cases of broken limbs. Danville, etc., Turnpike Co. v. Stewart, 2 Metc. 119, City of Louisville v. Adams, 100 S. W. 218, 30 Ky. Law Rep. 1129.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.