BURKETT　v.　INSURANCE　Co.

(*Knoxville.*　October　27,　1900.)

1. FIRE INSURANCE. *Amount of loss.*

The amount of the loss for the burning of an insured building covered by a fire policy providing that the loss shall be "estimated according to the actual cash value of the property at the time of the fire, which shall in no case exceed what it would cost to replace the same," is the "gross value of the building less the value of the portion saved, the latter value to be estimated on the basis of the use of the saved portion, at the same place and for the same purpose as originally used."

2. SAME. *Same.*

That provision in a fire policy which declares that the loss or damage shall in no case exceed the cost of replacing the property destroyed, is not obnoxious to the statutory provision that requires all insurance companies to pay their policy holders the full amount of the loss sustained upon the property insured by them, provided that amount does not exceed the amount of the policy, and declares all stipulations in the policy to the contrary null and void.

Act construed : Acts 1893, Ch. 107.

---

FROM M.'MINN.

---

Appeal from the Chancery Court of McMinn County. T. M. McCONNELL, Ch.

BURKETT & MILLER for Burkett.

GREEN & SHIELDS for Insurance Company.

WILKES, J.  This is an action upon a fire insurance policy.  The Chancellor gave judgment for $800, the amount of the policy, and the company appealed.  The Court of Chancery Appeals gave judgment for $690 and both parties appealed, but the complainant alone has assigned errors, while the defendant company insists there is no error in the decree of the Court of Chancery Appeals.

The contention is narrowed down in this Court to what is the proper construction of the following clause in the policy:  "The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the fire, which shall in no case exceed what it would cost to replace the same."

The Court of Chancery Appeals report as a fact that using the foundation of the building, which was not destroyed, together with the platform around the building, some iron stays and pipes, which were not consumed, that the building could be replaced for $690.

If, however, the building should not be replaced on its original site, the foundation, stays and pipes would not be worth so much, and in that event the loss would amount to $800, net.

The main contention is that this provision in the policy limiting recovery to the cost of replacing the property, is an attempt to evade the provisions of Chapter 107 of the Acts of 1893, which is as follows:

"Insurance companies shall pay their policy holders the full amount of loss sustained upon property insured by them, provided said amount of loss does not exceed the amount of insurance expressed in the policy, and all stipulations in such policy to the contrary are and shall be null and void."

There is no doubt but that this statute becomes a part of and must be read into every policy of fire insurance, and must be given the effect intended. According to its provisions the insured has the right to recover the full amount of loss sustained, provided it does not exceed the amount of the policy. What is the loss sustained in this case? If the entire structure had been destroyed, including the foundation, platform, iron stays and pipes, the loss would, on the finding of the Court of Chancery Appeals, have amounted to $840, and in that event complainant could collect the whole policy. With these not consumed, the loss would be less by their value. How is that value to be estimated? The company insists that it must be on the basis of using them at the same place and in the construction of a similar building, while the complainant insists that it must be on the basis of not using them at the same place and in a similar building, but at a different place or not at all, at his option.

We think the former contention must prevail

under the language of the policy. Under its terms the agreement of the parties contemplates the replacing of the structure and the cost of doing so. It does not stipulate to indemnify the insured against loss if they are not so used or are removed to and used at another place.

The full amount of the loss is the gross value of the building less the value saved, that value to be estimated on the basis of its use at the same place and for the same purpose as originally used.

We may suppose the roof of the house destroyed by fire while the walls and other parts are left intact, certainly the rule would not require the full value of the building to be paid without credit for the portions left standing and to be used in replacing the structure.

We see no error in the decree of the Court of Chancery Appeals, and it is affirmed.