McCREADY et al. v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. INSURANCE—MEASURE OF DAMAGES—POLICY—AGREEMENT—REPAIRING.
   An insurance policy provided that the company shall not be liable beyond the actual cash value of the property at the time of loss or damage, which shall be ascertained according to such actual cash value, with proper deduction for depreciation, however caused; but in no event shall the liability exceed what it would then cost the insured to repair or replace the same with material of like kind and quality. *Held*, that the measure of damages was the sum that it would cost insured to repair or replace the building with material of like kind and quality.

2. SAME—FIREPROOF MATERIAL—BUILDING LAWS—REBUILDING.
   Laws 1897, c. 557, providing that every building hereafter erected or altered in the city of New York, over 75 feet high, shall be built fireproof, made no change in the building law of the city of New York, as that law existed from the passage of the consolidation act, in 1882, with respect to rebuilding structures over 80 feet in height of fireproof material. Laws 1886, c. 488, made the use of the standard form of fire insurance policy obligatory on all companies within the state. *Held*, that such a policy issued in 1898 on buildings over 80 feet in height was not rendered inoperative by Laws 1897, c. 557, in respect to a clause therein contained

limiting the liability of the insurer to what it would cost "to repair or replace the destroyed building with material of like kind and quality," though the materials of the old building were not fireproof, and consequently prohibited.

3. SAME—TOTAL LOSS—INSTRUCTION.

Where an insurance policy provided that the liability of the insurer should not exceed the cost of repairing or replacing the destroyed building with material of like kind and quality, the court did not err in refusing to instruct the jury as to what would constitute a total loss of the premises; the question of fact being, "What would be the cost of rebuilding with like materials?" and the court having charged the jury that they were to determine whether the remnant of the building was sufficiently strong to warrant building thereon.

Appeal from trial term, New York county.

Action by Caroline A. McCready and others against the Hartford Fire Insurance Company. From a judgment for plaintiffs for less than the relief demanded, they appeal. Affirmed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

W. P. Prentice, for appellants.
Michael H. Cardozo, for respondent.

PATTERSON, J.   The plaintiffs appeal from a judgment in their favor entered upon a verdict at trial term in an action upon a policy of fire insurance. That policy granted insurance to an amount not exceeding $5,000 on the premises Nos. 223 to 229 Wooster street, and Nos. 46 and 48 West Third street, New York City, and was for a term extending from the 10th day of June, 1898, noon, to the 19th day of November, 1901, at noon.   There were seven other policies of insurance issued by other companies than the defendant, covering the same property and risk, and all these policies became contributing insurance.   On December, 1898, the premises were seriously damaged by fire.   The total insurance upon the premises seems to have been $72,500.   The plaintiffs claim that the amount of loss was $76,679, according to the amended proofs of loss served upon the defendant. The underwriters disputed the amount of loss and their liability on the policies, and separate actions were begun by the plaintiffs against the underwriters, respectively.

At the trial of this action a stipulation was made by the attorneys for the respective parties that the jury should bring in a verdict of the entire loss by fire, which should be divided pro rata among all the policies on the basis of the amounts insured.   The jury found that the amount of the loss was $40,000, and the proportionate share of that loss for which the defendant was liable under its policy was the sum of $2,758.50; and a verdict for that amount, with interest, was rendered.   The plaintiffs claim that there was a total loss and absolute destruction of the building insured, and that the verdict should have been for the full sum of $5,000.   They insist that, upon a true construction of the policy, the underwriter was liable for a total loss. The real question upon this branch of the case is, what is the measure of liability of the defendant under its policy?   The plaintiffs insist that it is the value of the building as it stood just before the fire.

Under the terms and conditions of the policy in suit, which is in the standard form required by the law of the state of New York, the parties have themselves agreed upon the measure of liability; the extent of it being distinctly provided for by a stipulation in the policy binding upon both parties. It is provided in the policy that "this company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused." Thus far, and if nothing more were contained in the policy, it is apparent that if there were a total destruction of that property the company would be liable for its actual cash value at the time the loss or damage occurred; but the policy also provides that the liability of the underwriter "shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality." By this stipulation the parties settled for themselves the measure of damages in case of loss. The plaintiffs expressly agreed that the indemnity to be furnished by the policy should be the sum that it would cost the insured to repair or replace the building with material of like kind and quality. That was the construction given to the policy by the trial judge, who, in charging the jury, repeatedly stated to them that, on the question of damages, the consideration by which they were to be governed was what it would cost to restore the building after the fire, in order to place it in the same condition in which it was before the fire with respect to the quality and kind of material.

The premises insured consisted of one building covering several lots of land, and was over 80 feet in height. The plaintiffs now contend that the provision of the policy relating to the measure of the liability of the underwriter becomes inoperative, in effect, because of the provisions of chapter 557 of the Laws of 1897, requiring that every building hereafter erected or altered in the city of New York, the height of which shall exceed 75 feet, shall be built fireproof; that in consequence of this provision of law the clause of the policy referred to can have no application, because the plaintiffs could not erect upon their land a structure to replace the old one with the same character of materials as those of which that old building was composed. But it is to be observed that, with respect to rebuilding structures over 80 feet in height of fireproof material, the act of 1897 made no change whatever in the building law of the city of New York as that law existed and was in force from the passage of the consolidation act in 1882. In that respect the phraseology of the consolidation act is identical with that of the Greater New York charter, as amended by the act of 1897. By section 647 of the Greater New York charter, the provisions of the consolidation act relating to the construction, alteration, or removal of buildings or other structures in the municipality theretofore known as the "Mayor, Aldermen, and Commonalty of the City of New York" were continued in force. The standard form of policy was prepared under the authority of chapter 488 of the Laws of 1886, and the use of that form is made by statute obligatory upon all companies doing business of fire insurance within the state of New York. When the

policy of insurance in this case was issued, therefore, not only was the measure of damage a stipulation of the policy, but the law respecting fireproof buildings had been in operation for many years; and the standard policy was adopted in view of existing provisions of law and of the decisions of the courts of the state of New York concerning the extent of the liability of fire underwriters. We will assume that the ordinary rules of construction apply to all the provisions of the standard policy, and that interpretation will be made in favor of the assured, and for the purpose of granting him stipulated indemnity for his loss, and that but for the stipulation the measure of indemnity would be the difference between the actual cash value of the property just before the fire and its value after the fire, if there is a partial loss; but here the parties have agreed to a particular limitation of the liability, which "in no event" shall exceed the amount to be ascertained within that limitation. The stipulation does not refer to an election by the insurer to rebuild, but to the measure of the liability of the underwriter. We think the construction given to the policy by the trial judge was right, and that the issue to be determined by the jury was properly put before them. There was conflicting evidence upon the question of the cost of rebuilding with the same material, and the jury found that it amounted to the sum of $40,000. The contributive share of the defendant was the amount of the verdict.

The trial justice was requested to give instructions to the jury which contained a definition of a total loss. The court was asked to charge as follows:

"For a total loss, within the meaning of the policy, it is not necessary that the materials of which the building was composed were all utterly destroyed or obliterated, but that the building, though some part of it may be left standing, has lost its character as a building, and instead thereof has become a ruin, or so far in that condition that it cannot properly any longer be designated as a building. When that has occurred, there is a total destruction or loss."

As an abstraction, the proposition embodied in that language, which is quoted verbatim from the opinion of the court of appeals in Corbett v. Insurance Co., 155 N. Y. 399, 50 N. E. 282, 41 L. R. A. 318, is undoubtedly sound, but was inapplicable in this case. The question of fact here was as to the cost of rebuilding with materials of a similar character. The condition of the structure after the fire, and whether any part of it could have been utilized (irrespective of the local building law) in rebuilding, were, under the construction given to the policy, the facts in issue; and under that construction the court sufficiently instructed the jury as to what would constitute a total loss. The trial judge stated to the jury that they were to determine whether the remnant of the building was sufficiently strong to warrant rebuilding upon it, or was the building so utterly destroyed that no reasonably prudent man would, under the circumstances, undertake rebuilding it. If it were completely destroyed, the jury would have to determine what was the actual value. The refusal to give the instruction was not error, in the view we take of this case; nor do we think the other excep-

tions taken to refusals to charge were in any way prejudicial to the plaintiffs. We have examined the exceptions taken to the rejection and admission of evidence, but we do not find that they call for any special consideration. If the construction given by the trial judge to the provisions of the policy considered were correct, as we think they were, the jury was justified, upon the evidence, in finding that the total amount of the loss was $40,000, and the contributive share of the defendant was properly fixed.

The judgment and order should be affirmed, with costs. All concur.