BY THE

ST. LOUIS KANSAS CITY AND SPRINGFIELD

# Courts of Appeals

AT THE

OCTOBER TERM, 1917.

---

## C. E. HADEN, Respondent, v. IMPERIAL ASSUR-ANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1917.

**INSURANCE: Household and Kitchen Furniture: Measure of Damage: Market Value.** The measure of damage on a fire insurance policy where household and kitchen furniture, including rugs, pictures, ornamental furniture and china, is destroyed or damaged is not what it would be worth in the market for second-hand furniture; but is what it would cost to replace or restore it to the owner. Such property is not a marketable commodity in the ordinary sense of the term, and will not be held to have been within the contemplation of the parties.

Appeal from Buchanan Circuit Court.—*Hon. Charles H. Mayer*, Judge.

AFFIRMED.

*Ryan & Zwick* for appellant.

*Culver & Phillip* and *B. G. Voorhies* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover damages resulting from a fire against which he had taken out fire insurance in the defendant company.

The petition was in two counts and he recovered a verdict on each and an attorney's fee on each for vexatious delay.

The amount of the insurance alleged in the first count was $500 and in the second count was $350.

The dispute between the parties is not broad. The loss is admitted but they could not agree on the amount. Plaintiff sued for $390 and recovered $385.

Defendant's answer set up provisions in the policy for appraisal and this was stricken out on motion. Such provisions were formerly given effective force, but they were declared invalid by the Supreme Court in Young v. Ins. Co., 269 Mo. 1, 15; Dworkin v. Ins. Co., 192 S. W. 1092. There was therefore no error in the ruling of the trial court.

There was no error in the trial court's refusal of defendant's instruction No. 2, on the measure of damages. It reads as follows: "The court instructs the jury that in estimating plaintiff's damages, if any, you shall determine from the evidence the reasonable market value of plaintiff's household gools immediately before the fire and immdiately thereafter, and the difference or depreciation in the reasonable market value of said goods shall constitute the measure of damages to said goods. You are further instructed that the phrase 'reasonable market value,' as used in this instruction, does not mean what the plaintiff holds the goods at, nor what he asks for them, nor does it mean what the goods may be worth to any particular person for any particular purpose, but said phrase does mean the fair selling value of goods in the market to be used for any of the purposes to which they may be susceptible of being put, either in their present condition or any condition to which they are susceptible of being changed."

The property lost and injured was household and kitchen furniture, including China, rugs, ornamental beds, curtains, mirrors, books pictures and that variety of furnishings and ornaments usually found in the ordinarily equipped residence. Its value in what is known as a "second hand furniture store" market would be

slight, though for material and continued use by the owner it was much more substantial. It did not belong to that class of property that could reasonably be classed as marketable; nor was it of that class which composes a marketable commodity in the usual sense of the term. It was used property which fitted into the place provided for it by the owner and met his necessities and filled his wants. To destroy it, made necessary that he resupply himself at much greater expense than defendant's measure would compensate. Who would pay "in the market" any substantial price for a pair of good shoes even though slightly worn? Whom would they fit? So with furniture and other articles. Who else would they suit and where else could they be well placed? These considerations have led the courts to say that such commodities have no market price as that expression is commonly used, and ordinary market value is not in contemplation of the parties when the contract is made. [Sun Fire Office v. Ayerst, 37 Neb. 184, 192; Fairfax v. N. Y. C. R. R., 73 N. Y. 167, 172; Green v. Boston & Lowell Railroad, 128 Mass. 221, 226; Joy, Wright & Hudson v. Ins. Co., 83 Iowa 12, 16; Denver Railroad v. Frame, 6 Colo. 382, 385.]

The policy provided that the Company should not be liable for more than what it would cost plaintiff to repair or replace the property with material of like kind and quality. But the court gave over defendant's objection an instruction directing the jury to fix the damages at the difference between the value of the property immediately before and immediately after the fire. Apparently this cut out defendant's right to limit or measure the damage by what it would cost to repair or replace. But plaintiff insists this was cured or rendered harmless by instructions numbers 2 3, and 4 given for defendant. Those instructions do in plain terms direct the jury not to allow plaintiff more than it would cost to repair or replace like articles. It is a well-recognized rule that all the instructions should be read and considered together, and while this rule will not abrogate another, equally well established, that an instruction for one party affirming a wrong proposition of law will not be cured by the

fact that the correct proposition was stated in an instruction for the other party, yet if the erroneous instruction is correct so far as it goes and is only wrong because stopping short of matter which would give it application to the case, instructions for the other party may do this and together form a perfect instruction to the jury. In this case the jury is told for plaintiff that he should receive the difference in value of the property, just before and just after, the fire and that is true; but, by the terms of the contract, that value is ascertained in a certain way, viz, the cost to repair and replace, etc., and shall not exceed that cost and defendant's instructions point that out to the jury and thus leaves no room for mistake. [Buck v. Street Ry. Co., 108 Mo. 179, 188.]

The remarks of the court in that case can be well applied here: "Did the fourth instruction stand alone, and its bearing on the result of the trial seem to us prejudicial to defendant (as in Hawes v. Stock Yards Co. (1890), 103 Mo. 60), the case would have a decidedly different aspect from that it now presents. Here the objectionable instruction (whose chief fault is generality) is accompanied by another, stating the proper legal elements going to make up plaintiff's measure of compensation; while the verdict following seems reasonable, and plainly within the limitations marked by the more particular instruction.

It is our duty not to reverse a judgment for any error not materially affecting the substantial rights of the adverse party. [R. S. 1889, secs. 2303, 2100.] Reading these instructions together, it is not clear that the fourth can fairly be held erroneous in the circumstances; but, even if it be, we think it likewise appears to have had no injurious effect upon the result of the litigation. It does not, therefore, furnish sufficient cause for a reversal."

Defendant contests plaintiff's right to an attorney's fee allowed by statute where there has been vexatious delay. We think sufficient appeared in the evidence to uphold the verdict, and the statute makes it a jury question, and we must not interfere with the result where there is any substantial evidence to sustain it. Plaintiff had of-

·fered to compromise on the amount he thought due. Defendant refused and offered one-half less. Plaintiff then sued for full amount and recovered within five dollars of the claim. But aside from this there was evidence tending to show uncalled for delay.

We find no error and must affirm the judgment. All concur.