CENTER GARAGE COMPANY, RESPONDENT, v. COLUMBIA INSURANCE COMPANY, APPELLANT.

Submitted July 11, 1921—Decided November 14, 1921.

1. A statement which admits facts destructive of the plaintiff's claim, made by a person other than the plaintiff himself, after the alleged cause of action has arisen, is not evidential against him, unless the party making it was his agent or representative authorized to bind him by such admission.
2. Clauses contained in policies of insurance which provide that the policy shall be void, or the insurer relieved of liability on the happening of some event, or the doing of, or omission to do, some act by the insured, are not conditions precedent. Violations of such clauses are matters of defence, which must be pleaded and proved by the insurer.
3. In an action on an automobile policy the proof showed that the car was injured beyond repair, and the court thereupon directed the jury that if they found for the plaintiff, they should assess its damages at the full amount of the purchase price of the car, although it had been in use after the sale for three weeks prior to the accident. *Held*, that this was error, as the plaintiff had failed to show that the value of the car had not depreciated between the time of its purchase and the time of the accident.

---

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright*.

For the respondent, *Edward F. Merrey*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal brings up for review a judgment of the Supreme Court entered upon a verdict directed in favor of the plaintiff.

The undisputed facts proved at the trial were as follows: The Center Garage Company, on May 20th, 1920, sold to one Dodds an Oakland automobile. The purchase price was $1,500, of which amount $200 was paid on the consummation of the sale, the remaining part thereof being payable in installments. By the terms of the sale the title was to remain in the garage company until the last payment was made. On the 24th of May the defendant company issued what is known as an accident insurance policy for $1,500 to the vendor and vendee, as their respective interests might appear, insuring them against loss or damage in case the automobile was injured or destroyed by accidental collision. On June 14th, 1920, the automobile, while being driven by Dodds, was injured in an accidental collision, and, according to the plaintiff's claim, was totally destroyed, so far as any value remaining in it was concerned. The plaintiff thereupon demanded payment from the defendant under the policy for the loss sustained by it, and which it asserted was $1,300. The defendant refused to comply with this demand, and thereupon the present suit was brought.

The policy contained a provision that it should become null and void if the automobile described therein should be used for carrying passengers for compensation, and the defendant set up as a defence that at the time of the accident the automobile was being used for that purpose, whereby, under the provision just referred to, the policy had been rendered null and void.

When the case came on to be tried the sale of the car, the purchase price paid for it, the execution and delivery of the policy and the happening of the accident having been ad-

mitted by the defendant, the trial judge stated that, as the only questions in dispute were the extent of the damage done to the car and the user of the car for the purpose of carrying passengers, he would reserve the hearing of testimony as to the extent of the damage to the car until after the defendant had submitted its evidence in support of its defence that the clause of the policy prohibiting the use of the car for the purpose of carrying passengers had been violated. The defendant thereupon called witnesses upon this point, and after it had rested the plaintiff undertook to prove the extent of the damage sustained by the car in the collision, and when this proof was concluded and both sides had rested, the court directed the verdict which is now complained of by the appellant.

For the purpose of proving a violation of the term of the policy, the defendant called Dodds, the purchaser of the car, to show that a short time after the accident he had made a written statement in which he declared that at the time of the collision he was using the car for hacking purposes. Dodds admitted that the signature to this writing was his, but stated positively that he had never made any such statement to the person who apparently took down what he said, and asserted that at the time of the accident he was using the automobile solely on his own private business—that is, going to the store for the purpose of getting some milk for his baby. The defendant then called one Clark, who wrote out this statement, and he testified that Dodds had declared that at the time of the accident he was using the car for hacking purposes, and was carrying a passenger from Bloomingdale to Pompton Lakes. This was all of the testimony bearing upon the alleged violation of the policy provision, except that the statement itself was offered and received in evidence.

The first ground upon which we are asked to reverse this judgment is that, on the proofs recited, it was for the jury and not the court to determine whether the automobile was being used for the forbidden purpose. We think not. The only affirmative testimony was that of Dodds, and, if it be accepted as entitled to full credit, it demonstrated the lack of merit in the defendant's contention. It is argued, however,

that this testimony is entirely discredited by his written statement, and that whether he made the statement or not was clearly a jury question. The statement itself as a piece of evidence was entirely without probative force, so far as the plaintiff was concerned, for Dodds was not its agent or representative, either actually or apparently authorized to bind it by admissions made by him after the accident. Its only value was to weaken or destroy the credit to be given to Dodds as a witness in the case; and if it be assumed that its effect was to entirely destroy that credit, the defendant was left without any proof whatever on the question of the violation of this policy provision.

Anticipating that the court might take the view of the probative force of the testimony which we have discussed, counsel argues that the burden rested upon the plaintiff to prove a non-violation of the policy provision, and that, because of its failure in this regard, the defendant was entitled to a verdict. The argument is based upon the theory that this provision constituted a condition precedent, the performance of which by the plaintiff was a necessary part of the case which, under well-settled rules, it was required to prove. The contention, we think, is unsound. Clauses contained in policies of insurance which provide that the policy shall be void or the insurer relieved of liability on the happening of some event or the doing of or omission to do some act by the insured are not in any sense conditions precedent. If they are conditions at all, they are conditions subsequent, and constitute matters of defence, which, together with their breach, must be pleaded by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defence, if controverted, is of course upon the party pleading it. 4 *Joyce Ins.,* § 2190, and cases cited.

But if the contention made on behalf of the appellant was sound, it would not justify a reversal of this judgment, in view of the course followed at the trial. As has already been recited, the trial judge assumed that the alleged breach of·this provision of the policy was a matter of defence, the burden of proving which rested upon the appellant. Its counsel ac-

cepted this ruling as sound, interposing no objection to it, and assumed the burden of proof. Having followed this course, he cannot now for the first time in a court of review raise the question of the order of proofs. .

The only other ground of reversal is directed at the action of the trial judge in controlling the jury upon the matter of damages. The proof submitted on the part of the plaintiff was that as a result of the collision the automobile was reduced to a total wreck, and that it could not be repaired so as to restore it to anything like its original condition. This testimony was not controverted, and the trial judge, upon this fact, together with the additional fact that the car had been sold for $1,500, of which amount $1,300 remained unpaid, assumed that the loss sustained by the plaintiff was this latter amount, and that the defendant, under the obligation of its policy, was bound to pay it. But this, we think, was a misapprehension of the legal situation. Upon the assumption that the car was totally destroyed, so far as any element of value in it was concerned, the plaintiff was entitled to recover the value of its interest in the car as it existed just prior to the happening of the accident. But that value was not the equivalent of the purchase price of the car. It had been in use for some three weeks after the purchase before the collision occurred. To what extent, if any, its value was depreciated by that use was a question of fact to be determined by the jury upon such evidence as was submitted, provided that the proofs were sufficient to enable the jury to determine that fact. It is common knowledge that the value of a car depreciates with use ordinarily, and, although common knowledge can hardly be used as a substitute for proof, yet, on the other hand, there is no presumption existing against it. This being so, the burden rested upon the plaintiff to show either that there had been no deterioration in value, if that was the fact, or, if the fact was the contrary, then to prove the extent of that depreciation. For this reason, the judgment under review must be reversed.

As this case must go back to be retried, we think it proper to state that we find no merit in the contention of the appel-

lant that, by the terms of the policy, the appellant is only liable for the actual cost of repairing the car. That provision only applies in cases where the car can be repaired, but has no application where it is shown that the car has been reduced to a total wreck and is beyond the possibility of repair.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.