# MARY J. HEXTER

## *vs.*

# EQUITABLE FIRE AND MARINE INSURANCE COMPANY.

## Penobscot.   Opinion July 7, 1923.

*An award by appraisers under a fire insurance policy authorized to "appraise the loss or damage stating separately sound value and damage" is not invalidated by unauthorized parenthetical clauses, being mere surplusage, unless such clauses affect those parts of the award which are authorized and valid to the prejudice of the excepting party. The insured is not guilty of laches in not tendering to the insurer the salvaged part of the property, where a valid award is rejected and repudiated by the insurer without reasonably exercising his option to take the salvage.*

Unauthorized and invalid parts of an award are to be treated as mere surplusage, unless such parts affect, to the prejudice of the excepting party, the portions of the award which are authorized and valid.

In the instant case the appraisers, by the parenthetical clause, apparently undertook to state the legal rights of the parties; or possibly they attempted to modify such rights. The language employed is ambiguous, but in no event can this unauthorized undertaking by the appraisers have influenced their judgment as to sound value or damage.

The defendant claims further that the plaintiff's case is barred by her neglect to offer or tender to it the salvaged part of the automobile. Not so, however, where as in this case, the insurer fails to seasonably exercise his option (to take the salvage) and rejects and repudiates a valid award.

On exceptions. An action on account annexed, by plaintiff holding a fire insurance policy in defendant company, to recover the amount of an award made by appraisers chosen under the provisions of the policy to determine the loss or damage by fire to an automobile owned by plaintiff. The defendant pleaded the general issue and under a brief statement,alleged that the award of the appraisers was not a valid one. Three exceptions were taken by defendant, one to the admission of the award, another to the refusal of the court to direct a verdict for the defendant, and a third to the ruling of the presiding Justice directing a verdict for the plaintiff. Exceptions overruled.

The case is sufficiently stated in the opinion.

*Fellows & Fellows,* for plaintiff.

*William H. Gulliver and John B. Thomes,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

DEASY, J. On November 19, 1921, the plaintiff's automobile, insured against fire by the defendant, was damaged by fire.

The policy in substance requires that, in case of disagreement, appraisers be selected who shall "appraise the loss or damage stating separately sound value and damage."

By written instrument dated June 15, 1922 the parties appointed appraisers agreeing in such instrument that the appraisers should state "separately sound value immediately preceding the fire, and damage" and further that the award should as to such matters be binding. The award of the appraisers is as follows, omitting formal parts. . . . .

"We, the undersigned, having carefully appraised and estimated the damage to the property of Mary J. Hexter in conformity with the foregoing appointment and declaration, hereby report that we have determined the actual damage thereon to be as follows:

"On within described automobile, $2,225.00 (Company to pay $2,225.00 and to have salvage).

"The sound value of said property at the time last preceding the fire, we find to have been as follows, viz.:

"Of within described automobile, $2325.00."

No payment having been made the plaintiff began the present suit.

The Justice of the Superior Court hearing the case ordered a verdict for the plaintiff in the sum of two thousand two hundred twenty-five dollars and interest.

. The defendant contends, and bases its exceptions upon the contention, that the parenthetical clause "Company to pay $2225, and to have salvage" invalidates the award.

Unauthorized and invalid parts of an award are to be treated as mere surplusage unless such parts affect, to the prejudice of the excepting party, the portions of the award which are authorized and valid. *Porter* v. *Railroad Co.,* 32 Maine, 551; *Orcutt* v. *Butler,* 42

Maine, 85; *Farrell* v. *Insurance Co.*, 175 Mass., 346; *Second Society* v. *Insurance Co.*, 221 Mass., 518; 2 R. C. L., Page 397; 5 Corpus Juris, Page 155.

The appraisers fixed the sound value of the automobile immediately before the fire at $2325, the damage of $2225 and (inferentially) the salvage at $100.

The appraisal being thus made, the legal rights of the parties are plain.

The insurer had the right at its option, to pay the damage and leave the salvage, or to pay the sound value and take it.

The appraisers by the parenthetical clause apparently undertook to state the legal rights of the parties; or possibly they attempted to modify such rights. The language employed is ambiguous.

But in no event can this unauthorized undertaking by the appraisers have influenced their judgment as to sound value or damage.

The defendant claims further that the plaintiff's case is barred by her neglect to offer or tender to it the salvaged part of the automobile. Not so, however, where as in this case, the insurer fails to seasonably exercise its option, and rejects and repudiates a valid award.

*Exceptions overruled.*