16961.  UNITED STATES FIDELITY AND GUARANTY
COMPANY *v.* CORBETT.

1. Under a policy of insurance covering "actual loss or damage" by collision to an automobile, and stipulating that "in any event the company shall be liable only for the actual cost of repairing, or, if necessary, replacing the parts damaged or destroyed," the company's principal or primary liability, where liability exists, is for the difference between the value of the property immediately before the injury and its value immediately afterwards, the stipulation that the liability shall not exceed the cost of repair or replacement being a subordinate provision, to be pleaded *defensively, with facts showing its applicability,* if the company would reduce or limit its liability by reason thereof. In a suit upon the policy, to recover an amount appearing to have been determined by appraisers to be the amount of loss measured as above indicated, the petition was not subject to demurrer upon the ground that it showed that the appraisers had applied a measure of liability different from that contemplated by the policy, it not appearing that the insurer had sought to have the appraisers estimate the loss in accordance with such special provision.

2. It was *not essential to the validity of the appraisement* which the parties sought to have made in accordance with the policy that the submission to the appraisers should have been in writing.

(*a*) It sufficiently appeared from the allegations of the petition, construed in the light of the policy, that the parties had a difference, namely, as to the amount of the loss, and that this was the matter submitted to the appraisers.

(*b*) The appraisement was not vitiated because certain distinct parts

---

Arbitration and Award, 5 C. J. p. 17, n. 13.

Damages, 17 C. J. p. 877, n. 8.

Fire Insurance, 26 C. J. p. 353, n. 2; p. 424, n. 18; p. 425, n. 42; p. 432, n. 43.

Insurance, 32 C. J. p. 1152, n. 91, 94; 33 C. J. p. 88, n. 88.

Motor Vehicles, 28 Cyc. p. 50, n. 59 New.

thereof were not responsive to the submission, nor because it did not set out the facts upon which it was predicated.

3. The allegations made for the purpose of recovering attorney's fees and damages were not open to attack by special demurrer upon the ground that they were mere conclusions of the pleader.

4. The second count of the petition sought a recovery solely upon the appraisement or award. Under the terms of the policy and the submission to the appraisers, the appraisement was neither a statutory nor a common-law award. It could have amounted to nothing more than a contractual method of ascertaining the loss, settling no other fact, and could not alone be the basis of a judgment or cause of action. The court erred in not sustaining the general demurrer to the second count.

DECIDED JULY 20, 1926.

Action on insurance policy; from Colquitt superior court— Judge W. E. Thomas. October 26, 1925.

The United States Fidelity and Guaranty Company issued to R. J. Corbett a policy of insurance on an automobile, covering "actual loss or damage" thereto "caused solely by accidental collision with another object." The policy contained, among others, the following provisions: "C. It shall be optional with the Company to repair, rebuild, or replace the automobiles or parts thereof damaged or destroyed with other of like kind and quality, within a reasonable time; but there can be no abandonment to the Company of the property insured. In any event the Company shall be liable only for the actual cost of repairing, or, if necessary, replacing the parts damaged and destroyed." "E. In the event of any loss or damage to any automobile insured hereunder, the amount of such loss or damage shall, if possible, be determined between the Assured and the Company; but if they fail to agree, it must be determined by competent appraisers before other recovery is sought. The Assured and the Company shall each select one appraiser, and the two appraisers shall select a third, to whom they shall submit any difference. The award in writing of any two appraisers shall determine the amount of loss or damage." The automobile was injured by an accidental collision with another object, and the insured brought suit against the insurer to recover the amount of loss. The petition was in two counts. The first count alleged that the value of the automobile immediately before the injury was $3407, that its value immediately thereafter was $650, and that the company was liable to the plaintiff for the difference, $2757. The further allegations of this count were as

follows: "Petitioner having submitted to the defendant a statement of the amount of loss and damage claimed by him to have been sustained under said policy by reason of said collision, the defendant having refused to pay the same, and the petitioner and the defendant having been unable to agree or to satisfactorily determine the amount of such loss or damage," the defendant advised its agent at Moultrie, Ga., that the amount of the loss must be determined by appraisers as provided in the policy, and instructed such agent to so notify the plaintiff, in order that he might select an appraiser to act with an appraiser selected by the defendant. The plaintiff thereupon selected an appraiser, and informed the defendant of his action, and the two appraisers thus chosen selected a third appraiser under the provisions of the policy. The appraisers, after due notice to the parties of the time and place of their meeting, "investigated the extent of the loss and damage to petitioner's automobile, determined the amount thereof, and made a written award or finding in which they determined and stated that the sound value of petitioner's automobile, on the date of said wreck, was $3407, and that the value of the automobile, in its wrecked condition, was $650, and that the amount of loss and damage sustained by petitioner was $2757." This allegation was in accordance with the appraisers' finding as to the amount of the loss, as shown by a copy of their report attached to the petition. The report undertook to determine other matters, such as the manner in which the car should be repaired, the time when the repairs should be completed, and the right of inspection and acceptance by the assured, after its repair, should the company elect to repair it.

A few days after the appraisers made and submitted their report, "the defendant, in writing, definitely declined to pay petitioner the aforesaid amount of loss and damage, and advised that it would not even consider said amount of loss and damage so determined and ascertained in the manner aforesaid, nor would it pay to petitioner said amount as the amount of loss and damage claimed by him to have been sustained under said policy and caused by said collision." Plaintiff has "performed and complied with all of the conditions and requirements imposed upon him by said policy." The defendant is indebted to plaintiff in the sum of $2757 as the actual loss or damage to said automobile by reason of said collision, and in the further sum of $37.50 "paid by petitioner in

saving, recovering, and protecting said automobile [from further loss and damage] immediately following said accident," which expense the plaintiff incurred at the direction of the defendant's agent and in accordance with the provisions of the policy. The defendant has failed and refused to pay the plaintiff "said amounts of loss and damage." The defendant's "denial of liability and its failure and refusal to pay said amounts were in bad faith and without legal excuse or justification, and . . on account of said conduct of defendant it was necessary for petitioner to employ counsel to maintain and prosecute this suit in order to enforce petitioner's rights under said policy." The defendant is therefore liable to the plaintiff for attorneys' fees and damages in a stated amount, in addition to the principal loss and damage and interest thereon. The second count of the petition contained substantially the same averments as the first count, but was expressly made a suit on the "award." The plaintiff amended the first count by adding the following: "that the actual loss and damages to said car represents and consists of the amount necessary to spend for the actual cost of repairing and replacing the various parts of said automobile which were destroyed by said collision; that the same amounts to at least $2757; that the plaintiff lists and gives herewith an itemized statement, showing the items, parts, and articles and the cost of each, together with the other cost required to be expended, necessary for the actual cost of replacing and repairing the damaged and destroyed parts of said automobile; and that plaintiff attaches hereto said list or statement, which is marked 'Exhibit C' and made a part of this paragraph." The exhibit was attached and gave the information stated. There was a further amendment both to the first count and to the second count, but that has been merged in the above statement.

The defendant, prior to the amendments, demurred to each count of the petition both generally and specially. After the amendments the demurrers were renewed and overruled, and the defendant excepted. It is unnecessary to set forth the several grounds of the demurrer in detail. They are sufficiently indicated in the questions dealt with in the opinion.

*Hoyt H. Whelchel*, for plaintiff in error.

*J. J. Hill, J. O. Gibson*, contra.

BELL, J.   (After stating the foregoing facts.)   1.  In an action by the owner of personal property, such as an automobile, to recover for loss or damage sustained by him as a result of a tortious injury thereto, the measure of damages is to be determined under general principles of law.   *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821).   But in a suit on a contract, as a policy of insurance, whereby the owner is insured against actual loss or damage to an automobile by collision, the measure of the insurer's liability will be determined according to the terms of the contract.   In an action on an insurance policy, to recover the "actual loss or damage" by collision to an automobile, in which it is stipulated that the insurer shall in any event be liable "only for the actual cost of repairing, or, if necessary, replacing the parts damaged and destroyed," where it is possible by repair and replacement to restore the automobile to its former condition within a reasonable time (Non-Royalty Shoe Co. v. Phœnix Assurance Co. (Mo.), 178 S. W. 246; Central Garage Co. v. Columbia Ins. Co., 96 N. J. L. 456, 115 Atl. 401), the defendant might by proper pleading and evidence limit the plaintiff's recovery to the amount necessary to accomplish such restoration. Spivey-Johnson Portrait Co. v. Belt Automobile Ins. Assn., 210 Ala. 681 (99 So. 80) ; Letman v. Employers Liability Assurance Corp., 170 Ill. App. 379; Wolff v. Hartford Fire Ins. Co., 204 Mo. App. 491 (223 S. W. 810) ; Md. Motor Car Ins. Co. v. Smith (Tex. Civ. App.), 254 S. W. 526; Commercial Fire Ins. Co. v. Allen, 80 Ala. 571 (6) (1 So. 202) ; Burkett v. Ga. Home Ins. Co., 105 Tenn. 548 (58 S. W. 848) ; Texas Moline Plow Co. v. Niagara Fire Ins. Co., 39 Tex. Civ. App. 168 (87 S. W. 192) ; McCready v. Hartford Fire Ins. Co., 61 App. Div. 583 (70 N. Y. Supp. 778).

The actual cost of repairing or replacing the injured or destroyed parts could be materially greater or less than the actual depreciation in value of the property by reason of the injury. 17 C. J. 877; 26 C. J. 353; 2 Sutherland on Damages (4th ed.), 3040, § 821; So. Ry. Co. v. Ky. Grocery Co., 166 Ky. 94 (178 S. W. 1162) ; and cases cited above.   But "Policies of insurance will be liberally construed in favor of the object to be accomplished, and the conditions and provisions of contracts of insurance will be strictly construed against the insurer who prepares such contracts." *Johnson* v. *Mutual Life Ins. Co.*, 154 *Ga.* 653 (115 S. E. 14).   So,

under the provisions of the policy now under consideration, the undertaking of the company to insure the owner against "actual loss or damage" must be taken as the primary obligation, under which the measure of the liability would be the difference between the value of the property immediately before the injury and its value immediately afterwards (*Eberhardt* v. *Federal Ins. Co.*, 14 Ga. App. 340 (2), 80 S. E. 856); and the stipulation that the liability should not exceed the cost of repair or replacement must be construed as a subordinate provision, limiting or abating the primary liability, to be pleaded defensively if the insurer would diminish or limit the amount of recovery by reason thereof. Mechanics Ins. Co. v. Hoover, 105 C. C. A. 128 (182 Fed. 590, 31 L. R. A. (N. S.) 873); Standard Sewing Machine Co. v. Royal Ins. Co., 201 Penn. 645, 51 Atl. 354; Haden v. Imperial Ins. Co., 197 Mo. App. 574 (198 S. W. 72). Since an appraisement which conforms to the requirements of the policy and under the agreement for submission is, in the absence of fraud, accident, or mistake, binding and conclusive upon the parties as to the amount of the loss or other matters submitted (*Eberhardt* v. *Federal Ins. Co.*, supra; Saville v. Ætna Ins. Co., 8 Mont. 419 (20 Pac. 646, 3 L. R. A. 542); 26 C. J. 425, § 560), it would seem that if the insurer saw fit to submit the question of the amount of its liability to appraisers, without insisting upon such secondary or subordinate stipulation and without bringing facts before them to show its applicability in reducing the liability, and if the appraisement was otherwise valid, the insurer could not rely upon such matter in defense to a suit upon the policy for the amount so determined by the appraisers. But whether it might do so by plea is a question not for decision under the record before us. The question now presented is whether the defense could be made by a demurrer attacking the petition upon the ground that it appeared that the appraisers determined the amount of the loss in a manner contrary to the terms of the policy, where there is nothing to show that the defendant made any contention before them that its liability should be fixed by the special provision referred to. We are satisfied that the defense could not be so made by demurrer.

2. Where a policy of insurance against loss or damage to property provides that if the parties thereto fail to agree as to the amount of loss, it shall be determined by appraisers, one to be

named by each of the parties and the two thus named to select a third, to whom the parties shall submit any difference, and that the award in writing of such appraisers, or a majority of them, shall determine the amount of loss, and ·where the policy contains no other provisions respecting the effect of the appraisement, an appraisement had thereunder does not constitute either a statutory or common-law award, and the question of whether the submission to the appraisers should have been in writing should be determined by the terms of the policy. The policy now under consideration did not require a written submission. *Blakely Oil &c. Co.* v. *Proctor & Gamble Co.,* 134 *Ga.* 139 (2) (67 S. E. 389) ; Williams v. Hamilton Fire Ins. Co., 118 Misc. 799 (194 N. Y. Supp. 798). When the allegations of the petition are construed in the light of the provisions of the policy, it sufficiently appears that the parties had a difference, namely, as to the amount of the loss, and this was the matter submitted to the appraisers; and it can not be said that the appraisement was invalid because it nowhere appears in the petition "what question of dispute between petitioner and defendant was submitted to the appraisers." Eberhardt v. Federal Ins. Co., supra. The fact that the appraisers may have had no authority to "award any sum to any person," and that they may have exceeded their powers in attempting to determine the liability, and in other respects, would not vitiate that part of the appraisement which was responsive to the question submitted. Hexter v. Equitable Fire &c. Ins. Co., 123 Me. 77 (121 Atl. 555) ; and compare Civil Code (1910), § 5022. The policy not requiring it, it was not necessary for the appraisement to set out in detail the facts made the basis thereof, and a statement of the amount of loss in a general conclusion was sufficient. 26 C. J. 423. Under the allegations of the petition, the appraisement was not invalid for any reason urged in the demurrers.

But even granting, for the sake of the argument, that the appraisement was void, the first count of the petition contained sufficient allegations, independently thereof, to state a cause of action, doing so even by the measure of liability asserted in the demurrers to be the proper measure. A void appraisement has no effect upon the rights of the parties, and suit may be maintained on the policy without regard thereto. 26 C. J. 425; Ætna Ins. Co. v. Jester; 37 Okla. 413 (132 Pac. 130, 47 L. R. A. (N. S.) 1191).

The averment in the first count of the petition, that the actual loss and damage to the automobile consisted of a stated amount alleged to be necessary for the actual cost of repairing and replacing the various parts destroyed, as shown by an attached statement itemizing the "parts and articles and the cost of each, together with the other cost required to be expended  .  .  in repairing and replacing the damaged or destroyed parts of said automobile," was not subject to special demurrer on the ground that it failed to show what parts were injured and what parts were destroyed. *Central Ga. Power Co.* v. *Stubbs,* 141 *Ga.* 172 (3) (80 S. E. 636); *Central Ga. Power Co.* v. *Fincher,* 141 *Ga.* 191 (2) (80 S. E. 645); *Mackle Construction Co.* v. *Wyatt,* 29 *Ga. App.* 617 (116 S. E. 877).

3.  The allegations made for the purpose of subjecting the defendant to liability for attorney's fees and damages were not open to special demurrer upon the ground that they were mere conclusions of the pleader. *Rogers* v. *American National Ins. Co.,* 145 *Ga.* 570 (3) (89 S. E. 700); *Jefferson Fire Ins. Co.* v. *Brackin,* 147 *Ga.* 47 (2) (92 S. E. 930).

From what has been said the first count of the petition was not subject to the general demurrer nor to any of the special demurrers.

4.  The petition contained a second count which sought a recovery upon the arbitration or award. An appraisement such as was contemplated by the terms of the policy in question would not determine liability. Not being an award, either common-law or statutory, it could amount to nothing more than a contractual method of ascertaining the loss, settling no other fact, and could not alone be the basis of a cause of action or judgment. The question of ultimate liability remained open, and the suit at last could be founded only upon the policy. *Republic Iron & Steel Co.* v. *Norris,* 25 *Ga. App.* 809 (104 S. E. 921); *Eberhardt* v. *Federal Ins. Co.,* 14 *Ga. App.* 340 (80 S. E. 856); *Willingham* v. *Veal,* 74 *Ga.* 755 (3); *Central R. Co.* v. *Rogers,* 57 *Ga.* 336 (2); Williams v. Hamilton Fire Ins. Co., supra; Dunton v. Westchester Fire Ins. Co., 104 Me. 372 (71 Atl. 1037, 20 L. R. A. (N. S.) 1058); 5 C. J. 17; 26 C. J. 425; City of Omaha v. Omaha Waterworks Co., 218 U. S. 180 (30 Sup. Ct. 615, 54 L. ed. 991, 48 L. R. A. (N. S.) 1084). The rule would be otherwise as to an adjustment or

arbitration adjusting the liability as well as the loss. 26 C. J. 432. In *Littleton* v. *Patton,* 112 *Ga.* 438 (37 S. E. 755), in which a suit on an award provided for in an original contract was held good as against a general demurrer, it appears that the parties "further agreed that they would pay such sums as were allowed by the arbitrators." Since the second count was subject to the general demurrer, it is unnecessary to notice the special demurrer to this count.

*Judgment affirmed in part, and reversed in part. Jenkins, P. J., and Stephens, J., concur.*