## ROWE *v.* SPENCER.

1. In the absence of a recital in a bill of sale that it was executed elsewhere, the presumption is that the situs of its execution was the place named in the caption of the instrument.
2. Unless it appears from the face of the paper that the officer before whom it was officially attested was without the territorial limits of his official jurisdiction in attesting the same, it will be presumed that he was acting within such jurisdiction.
3. Where a bill of sale is attested by a justice of the peace and notary public whose official signature does not disclose the county of his appointment, and the record of the bill of sale is attacked by evidence showing that the attesting official was not an officer of the county named in the caption of the bill of sale, it is competent to prove, in aid of the record, that the paper was actually executed in the county where the attesting officer held his commission.
4. The title of one who buys and pays for personal property held by his vendor under a conditional contract of sale, which has never been recorded, and of which he has no notice, is unaffected by such conditional contract of sale. And this is true although subsequently thereto he may have notice of the contract of conditional sale within the time the law gives for its record, where the bill of sale is not properly recorded within such time.
5. Where an erroneous principle of law is charged as to a material issue, the error is not rendered harmless by a subsequent statement of the

correct principle, unless the judge expressly calls the attention of the
jury to the incorrect statement, and retracts it.

Argued January 24,—Decided April 15, 1909.

Trover. Before Judge Brand. Gwinnett superior court. Jan-
uary 24, 1908.

*F. F. Juhan, J. V. Pool,* and *J. A. Perry,* for plaintiff in error.
*E. O. Dobbs* and *I. L. Oakes,* contra.

. EVANS, P. J. E. A. Spencer sold a pair of mules to C. W.
Humphrey, reserving title in the purchase-money notes given there-
for. These notes with retention of title were recorded in Gwinnett
county within thirty days of their execution. The defendant, W.
H. Rowe, purchased the mules from Humphrey before the record
of the conditional sale. The original vendor brought an action
of trover against Rowe to recover the mules or their value, which
resulted in a verdict for the plaintiff. The court refused a new
trial, and the defendant excepted.

1-3. The notes with retention of title were headed "Flowery
Branch, Ga., June 17, 1906," and purported to have been signed
before "J. P. Neese, N. P. & J. P." The court allowed the at-
testing magistrate to testify that the paper was executed at Buford,
in Gwinnett county, over objection that this evidence was incom-
petent as contradicting the paper as to the place of its execution.
Flowery Branch appearing by the recitals in the instrument to
be in Georgia, the courts will take judicial cognizance, of the fact
that it is an incorporated town in Hall county. It appeared
aliunde that the attesting magistrate was a duly commissioned
officer of Gwinnett county. In the absence of a recital in the bill
of sale that it was executed elsewhere, the presumption is that the
situs of its execution was the place named in the caption of the
instrument. *Truluck* v. *Peeples,* 1 *Ga.* 3. The law will not im-
pute malpractice in the officer by presuming that he would attest
a paper beyond his territorial jurisdiction; and where there is
nothing in the paper to indicate that the attesting magistrate is
an officer of a county different from that stated in the caption,
the clerk of the superior court would have the right to act upon
the presumption as to the proper execution of the paper; and record
the same. The rule is different where the attesting magistrate
discloses in his official signature that he is acting beyond the scope
of his jurisdiction. In the case of *Allgood* v. *State,* 87 *Ga.* 668

(13 S. E. 569), the defendant was convicted of the crime of forgery. The instrument alleged to have been forged was a deed. It was headed "Georgia, Carroll county," and purported to have been attested by A. J. Hansell, and by J. H. Jones, a notary public of Fulton county, Georgia. It was recorded in Carroll county. A certified copy of the record was offered in evidence, and this court ruled that it was incompetent, for the reason that the clerk of the superior court of Carroll county had no authority to record the deed in that county. The deed in that case appeared upon its face to have been attested by a notary public of Fulton county, who had no authority to witness a deed executed in Carroll county, where the deed was presumptively executed. The bill of sale in the present case was apparently properly executed. That is to say, it was prima facie executed at Flowery Branch, Georgia, in Hall county, in the presence of a magistrate who, until the contrary was made to appear, is presumed to hold his appointment in Hall county. On the trial it appeared that the magistrate was actually an official of Gwinnett, and that the paper was actually executed at Buford, in Gwinnett county. It was perfectly competent to prove these facts; for the presumption of the situs of the execution of the paper, and of the authority of the officer to witness it, are merely prima facie. But when a paper is prima facie entitled to record, and is recorded, and it is undertaken to overcome the presumption which the law indulges to establish its prima facie right to registration, it is competent, in aid of the record, to show that it was executed in the presence of an officer who had authority to attest the paper at the place of its actual execution, notwithstanding the situs of its execution may be at a place other than that stated in the caption of the instrument.

4. There was a sharp conflict in the evidence as to the domicil of Humphrey at the time of the execution and also at the time of the record of the conditional bill of sale. The defendant offered proof tending to show that he was a resident of Fulton county during this period, and the plaintiff submitted proof tending to show that he was a resident of Gwinnett county. It appeared from the evidence that after the purchase of the mules, but before the record of the conditional bill of sale, Humphrey's vendee had actual knowledge of the conditional bill of sale, but he did not have such knowledge at the time of the purchase. Exception is

taken to the following charge: "If you believe from the evidence in this case that the plaintiff owned the mules sued for and sold them to Charlie Humphrey, and at the time he sold them and delivered them to Charlie Humphrey he took this conditional bill of sale sued on, by which he reserved the title to said mules until the balance of the purchase-money was paid, and if you believe from the evidence that subsequent to that time, but within thirty days, Charlie Humphrey sold or traded the mules to the defendant in this case, and that the defendant had actual notice that the title to said mules was in the plaintiff within thirty days from the time plaintiff sold to Humphrey, and defendant had this actual notice while he was in possession of the mules, the plaintiff in this case would be entitled to recover, although you may believe that Charlie Humphrey was not a resident of Gwinnett county at the time, and the conditional sale was never properly recorded, and although you may further believe that defendant had such actual notice after he bought or traded for the mules, provided it was within thirty days from the time plaintiff sold the mules to Charlie Humphrey." This charge was erroneous. A conditional sale, in order to affect innocent third parties, must be in writing, and recorded within thirty days from its date in the county of the residence of the maker. If not so recorded, purchasers of the property from the vendee, without notice of the retention of title by the vendor, will get a good title. If properly recorded within thirty days, one who purchases from the vendee before actual record buys subject to the rights of the original vendor of the property. It is only where such paper is properly recorded within thirty days from its execution that the constructive notice which arises from its record relates back to the time of its execution. The vice of the charge is the declaration that a bona fide purchaser of property encumbered by an unrecorded conditional bill of sale takes subject to the encumbrance if he subsequently has notice of it within the time allowed for record, although the encumbrance is not recorded within the statutory period for record. *Singer Mfg. Co.* v. *Bradfield,* 114 *Ga.* 303 (40 S. E. 271).

5. Counsel for the defendant in error insists that this instruction, if erroneous, is cured by a subsequent charge that "if Rowe did not have actual notice when he bought, and Humphrey lived

at the time in Fulton county, the plaintiff could not prevail." Where an erroneous rule is charged as to a material issue, the error is not rendered harmless by the subsequent statement or even reiteration of the correct rule, unless the judge expressly calls the attention of the jury to the incorrect statement and retracts it. *Brush Electric Co.* v. *Wells,* 103 *Ga.* 512 (30 S. E. 533) ; *Augusta Ry. Co.* v. *Smith,* 121 *Ga.* 32 (48 S. E. 681).

*Judgment reversed. All the Justices concur.*