## 17472.   GRIGGS v. THE STATE.

BROYLES, C. J.   1. Upon the trial of one charged with selling whisky, the testimony of a witness for the State that he bought a pint of liquor from the accused, *and that the liquor was whisky,* was not inadmissible for the reason that the pint of liquor had been destroyed and could not be produced as evidence before the jury.

2. The act of the General Assembly of Georgia, approved July 29, 1925 (Ga. L. 1925, p. 435, secs. 2, 3), provides as follows: "It shall be the duty of the judge of the city court of LaGrange during the trial of criminal cases in said court to call for trial said criminal cases in the order that same appear on the criminal docket of said city court. The said judge of said court shall call for trial first, first cases appearing on the said criminal docket and shall then proceed as long as said court continues to call for trial cases in the order that same appear upon said docket. . . When the said judge calls the cases for trial in the manner above referred to, it shall be the duty of the said judge to require an announcement of both the State and the defendant, and if a motion to continue is to be made by either side, he shall require same made then, otherwise the cases shall proceed to trial." It appears from the record in the instant case that when it was called for trial there was another case pending against the defendant, which had been entered upon the criminal docket of the court before the instant case had been docketed. The accused declared that he was not ready for trial in the instant case, and objected to being tried in that case until he had been tried in the case first appearing upon the docket, insisting that under the law the court had no authority to call the instant case until the case first upon the docket had been called and disposed of. The solicitor of the city court stated that he was not ready to try the case first docketed, because one of his witnesses was absent. Counsel for the accused then stated, in answer to a question from the court, that he had no reason for not being ready for trial in the instant case, except the reason that under the law the case first appearing upon the docket should be called first. The court overruled the objections of the accused, passed the case first docketed, and placed the accused on trial in the instant case. All of this took place before issue was joined. *Held,* that the statement of the solicitor of the city court, that he was not ready to try the case first docketed, because of the absence of one of his witnesses, was in effect a motion to continue the case; and this court can not hold, as a matter of law, that the trial court erred in passing that case and in placing the accused upon trial in the instant case. *Turner* v. *State,* 25 *Ga.* 146.

3. The verdict was amply authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 4, 1926.

Selling intoxicating liquor; from city court of LaGrange— Judge Tuggle.   May 18, 1926.

Criminal Law, 16 C. J. p. 497, n. 23 New; p. 751, n. 91 New; p. 782, n. 23; 17 C. J. p. 231, n. 67, 68.

Intoxicating Liquors, 33 C. J. p. 773, n. 92.

*L. B. Wyatt, M Li. Mooty,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra. .