29404. LEMON *v.* THE STATE.

DECIDED FEBRUARY 25, 1942.

*LeRoy Finch, J. Richmond Garland,* for plaintiff in error.
*Bond Almand,* solicitor, *John A. Boykin,* solicitor-general, *Durwood T. Pye,* contra.

GARDNER, J. 1. Whatever may have been the character of the alleged "lottery" book in question, it nevertheless appeared that the book was found in a dresser drawer in the house of the husband, and not on the person of the defendant wife, or in her possession, or in any possession which might be traceable to her. In such case the presumption was that the possession was that of the husband. *Bailey* v. *State,* 60 *Ga. App.* 556 (4 S. E. 2d, 409); *Dailey* v. *State,* 58 *Ga. App.* 401 (198 S. E. 791); *Young* v. *State,* 22 *Ga. App.* 111 (95 S. E. 478); *Broome* v. *Davis,* 87 *Ga.* 584 (13 S. E. 749). While this presumption was rebuttable, there was no evidence whatever submitted in rebuttal.

2. As to the two "lottery" tickets found by the officers in the pocket of the apron which the defendant was wearing while ironing clothes, the evidence did not exclude every reasonable hypothesis save that of the guilt of the accused. Conceding that they were lottery tickets, their possession was thoroughly consistent with the innocence of the accused. The tickets, according to their indiciæ, were such as might have represented her own purchases, or purchases to be made. Our view is further supported by the statement of the defendant that she could not read or write, which the State did not challenge.

*Judgment reversed. Broyles, C. J., and McIntyre, J., concur.*