37607. MADDOX *v.* THE STATE.

Decided April 22, 1959.

*Adams, O'Neal & Steele,* for plaintiff in error.
*Clarence H. Clay, Jr., Solicitor, Harry F. Thompson, Assistant Solicitor,* contra.

Carlisle, Judge. Haywood Maddox was tried and convicted in the City Court of Macon on an accusation charging him with the offense of maintaining and operating a lottery. His motion for new trial as amended was denied, and the exception here is to that judgment.

In the first and second special grounds of the motion for new trial, the complaint is made that the trial judge in certain specified portions of the charge incorrectly presented the contentions of the defendant intimating an opinion as to what had been actually proved and confused and misled the jury by presenting conflicting versions of what the defendant was contending. The court first instructed the jury: "Now in this case, the defendant contends that he is not guilty. He says that he did not possess a lottery and did not participate in the keeping or operation of a lottery. He says that he had no knowledge of any alleged 'bug tickets,' as contended by the State, and that he did not possess any such tickets." Shortly thereafter, the judge gave the following instructions: "Gentlemen, I'll withdraw this

part of my charge from the jury: 'I charge you he says that he had no knowledge of any alleged "bug tickets" as contended by the State, and that he did not possess any such tickets.' I withdraw that charge from the jury.

"I charge you further that the defendant contends that he was a player and had no knowledge of the lottery tickets."

After the jury had retired to deliberate the matter, they were brought back to the court for a recharge, and the court instructed them: "Gentlemen of the Jury, I have previously charged you as follows: That the defendant says that he had no knowledge of any alleged 'bug tickets' as contended by the State, and that he did not possess any such tickets. I now charge you, gentlemen, that the defendant in this case does not contend that he had no knowledge of any alleged 'bug tickets', and that he did not possess any such tickets, but contends his knowledge and possession were as a mere player."

While we recognize that, "A charge torn to pieces and scattered in disjointed fragments may seem objectionable although, when put together and considered as a whole, it may be perfectly sound," (*Sheppard* v. *Broome,* 214 *Ga.* 659 (12) 107 S. E. 2d 219), this principle is of little aid or comfort in preserving the portions of the charge complained of in these two special grounds from criticism. While the recharge finally given by the court does seem to have, more or less, correctly stated the contentions of the defendant as demonstrated not only by his statement but by the manner in which his counsel cross-examined the witnesses for the State, we think that these portions of the charge are subject to the criticism leveled at them. While a trial judge is not compelled to charge on any theory raised solely by the defendant's statement unless he desires to do so (*Hardin* v. *State,* 107 *Ga.* 718 (3) 33 S. E. 700; *Gay* v. *State,* 111 *Ga.* 648 (1) 36 S. E. 857), yet, if he undertakes to so charge with respect to the contentions of the defendant, he must charge them correctly and should fully and distinctly cover the theory so raised. *Ragland* v. *State,* 111 *Ga.* 211 (1) (36 S. E. 682); *Richards* v. *State,* 114 *Ga.* 834 (1) (40 S. E. 1001); *Jones* v. *State,* 207 *Ga.* 379 (1) (62 S. E. 2d 187). Furthermore, an erroneous instruction is not cured by a subsequent correct instruction to

the jury unless the court expressly withdraws the erroneous instruction (*Rowe* v. *Spencer*, 132 *Ga.* 426, 429 (5), 64 S. E. 468), and a charge which contains two distinct and conflicting propositions of law and which leaves the jury free to choose which of those propositions it will apply, is calculated to leave the jury in such a confused condition of mind that it cannot render an intelligible verdict. *Plaspohl* v. *Atlantic Coast Line R. Co.*, 87 *Ga. App.* 506 (2) (74 S. E. 2d 491). Applying the foregoing principles of law to portions of the charge complained of in this case, they require a finding that the charge was error. The trial court erred in overruling the first and second special grounds of the motion for new trial.

■ The third special ground of the motion complains of the following portion of the charge: "I charge you, gentlemen, that a lottery consists of a consideration, prize and chance. Actual drawing in the case like this need not be shown in order to sustain a conviction, but you must believe that such a scheme, as alleged, was being carried on in Bibb County, Georgia, at the time in question." One of the criticisms leveled at the charge is that it amounted to an instruction to the jury that they must believe that a lottery was being operated in Bibb County on the date in question, and that it expressed an opinion as to what had or had not been proved in the case, and instructed the jury as to their finding on one of the essential elements of the case. While this portion of the charge may be subject to varying interpretations as to its meaning, it is certainly a permissible interpretation of it to say that the court was therein instructing the jury as to what had been proved in the case and that they were required to believe under the evidence that a lottery was being carried on in Bibb County, Georgia, at the time in question. Being thus subject to that interpretation, it was a violation of the inhibition embodied in Code § 81-1104, and was probably harmful to the defendant. Under these circumstances, this ground of the motion for new trial was erroneously overruled.

■ The evidence as to the guilt of the defendant was substantially that he was observed by the arresting officers driving his automobile on a certain highway in Bibb County; that the

officers followed him and observed him entering the home of one Lena Barnes, he in the meantime having parked his automobile some distance down the street from her residence; that the officers stopped their automobile where they could observe the house, and, after some 15 minutes, the defendant came out of the house and proceeded down the front walk to the curb; that as the defendant reached the curb, the officers drove their automobile to that point and stopped it, blocking the defendant's path, and one of the officers stepped from the automobile and took from the defendant's hand an envelope containing several tickets which were admittedly "bug" tickets; that the defendant made no effort to flee, but that Lena Barnes, observing the apprehension of the defendant, ran to the rear of her house and one of the officers, on running around the outside of the house to the rear, found a quantity of "bug" tickets and books under a water barrel which had obviously just been moved as evidenced by the imprint of the bottom of the barrel on the ground; that a number of the tickets found under the barrel matched the tickets found in the defendant's possession. In his statement to the jury, the defendant denied that he operated a lottery, but said that he had stopped at Lena Barnes' house to play. Mere possession of lottery tickets without more is insufficient to authorize the conviction of one charged with operating a lottery. *Arnold* v. *State*, 85 *Ga. App.* 366 (1) (69 S. E. 2d 615). In this case, aside from the evidence of the possession of the tickets, there was no other direct evidence which in any way tended to show that the defendant operated a lottery. The conviction, therefore, rested on the circumstance of the defendant's possession of lottery tickets, and when this is taken in consideration with the other circumstances shown, it is just as consistent with his assertion that he was merely playing or betting himself as with his guilt as an operator. In order for a conviction to be authorized where based on circumstantial evidence, it must be such as to exclude every other reasonable hypothesis save that of the guilt of the accused (*Scroggs* v. *State*, 94 *Ga. App.* 28, 93 S. E. 2d 583), and since the evidence in this case did not so exclude every other reasonable hypothesis, the verdict of guilty was not authorized. See *Chandler* v. *State*, 63 *Ga. App.* 304

442

(11 S. E. 2d 103), and *Lemon* v. *State,* 66 *Ga. App.* 653, 654 (2) (19 S. E. 2d 52). It follows that the trial judge erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. Gardner, P. J., concurs. Townsend, J., concurs specially.*