38741.   RINZLER v. WESTINGHOUSE ELECTRIC
CORPORATION.

DECIDED FEBRUARY 27, 1961.

*Carpenter, Karp & Mathews, Ferrin Y. Mathews,* for plaintiff in error.

*Jones, Bird & Howell, Trammell Vickery, Eugene T. Branch,* contra.

JORDAN, Judge. The question for determination by this court is whether or not there was sufficient evidence to support the verdict for the plaintiff. The evidence is uncontradicted that the plaintiff sold certain goods to the defendant on open account, that the defendant received said goods, and refused to pay for them, leaving a balance due on said account of $11,986.74. The defendant contends, however, that he was entitled to a credit against said account in the amount of $11,195.25 on the basis of the alleged agreement as set forth above.

The agreement between the plaintiff and the defendant as to the advertising costs was an oral one and the evidence is conflicting as to its exact terms. Under the defendant's version of the agreement, he was to receive the same deal as Georgia Power Co. and Davison-Paxon Co. with reference to advertising the plaintiff's products. Under the plaintiff's version, the agreement was simply to the effect that the plaintiff would pay 50 percent of the cost of the defendant's television, radio and newspaper advertising, which was their regular cooperative advertising plan. The evidence is clear that all advertising had to be approved in advance by the plaintiff in order for the ads to qualify for the 50 percent credit, and that the defendant was not authorized to run any item of advertising under this plan without such prior approval. It is also undisputed that the plaintiff did participate in and pay at least 50 percent of the cost of all advertising done by the defendant with reference to the plaintiff's products. There is, therefore, evidence to justify a finding that the plaintiff had fully performed its contract with the defendant relative to the advertising costs.

Even if the trial judge had adopted the defendant's version of the contract, the defendant failed to prove the amount of credit, if any, to which he was entitled. The burden of establishing his affirmative defense was on the defendant and the evidence must show his right to recover as well as the specific amount to which he might be entitled. *Code* § 81-801; *Smith v. Hilton & Dodge Lmbr. Co.*, 13 Ga. App. 785 (80 S. E. 25).

The evidence is in agreement that Georgia Power Co. was paid on the same basis as the defendant and that Davison-

Paxon Co. was paid 75 percent of its published vendor rate. However, the defendant offered no evidence that such payment amounted to more than 50 percent of the actual cost of such advertising.

The defendant having failed to show any specific credit to which he was entitled and the evidence being sufficient to support the verdict for the plaintiff in the full amount of the claim, the judgment of the court denying the defendant's motion for a new trial on the general grounds only was not error.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*