### 39479.   PERRY v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted of the offense of manufacturing liquor, and he now assigns error on the judgment denying his amended motion for new trial. *Held*:

1. A ground of a motion for new trial complaining of the introduction of evidence that fails to show that any objection was made to the introduction of such evidence on the trial of the case is incomplete and cannot be considered. *Milledge v. Boyett,* 102 Ga. App. 628 (117 SE2d 643), and citations. Accordingly, special ground numbered 1 of the amended motion for new trial is without merit.

2. "A juror may not subsequently to the rendition of the verdict impeach the same by making any affidavit or statement, directly or indirectly, showing that the verdict was improperly rendered. *Saunders v. Sasser*, 86 Ga. App. 499, 503 (4) (71 SE2d 709)." *Fields v. Jackson*, 102 Ga. App. 117, 123 (115 SE2d 877). Accordingly, special grounds 2 and 3 of the amended motion for new trial, seeking to impeach the verdict because of statements purportedly made by the jurors, and supported by an affidavit of one of the jurors, are without merit.

3. Where the State presents direct evidence, not only of the defendant's presence at a site where liquor is being illegally manufactured, but, also, of the defendant's participation in such illegal operation by doing certain acts in connection therewith (pouring liquor from one container into another), and the defendant, in his statement, states that he was in the general area where the still was located, looking for a cow, and after hearing noises approached the still site, but before reaching it was interrupted by a law enforcement officer, it cannot be said that a charge on alibi (*Code* § 38-122), was error requiring the grant of a new trial.

4. It is not error for the trial court to refuse a request to charge that is not adjusted to the issues and evidence in the case. The request of the defendant dealing with presence at the site where liquor was being made was not adjusted to the evidence.

(a) The request to charge dealing with the subject of flight which sought to have the jury instructed that evidence of flight, if proved, "is only a *slight* circumstance tending to show guilt" (emphasis supplied) was not a correct statement of law, for the weight to be given evidence is for the jury. See *Smith v. State*, 63 Ga. 168 (18).

5. Where an incorrect charge is given the jury, but expressly retracted by the court and the correct instruction then given, no harmful error is shown. *Maddox v. State*, 99 Ga. App. 438, 440 (108 SE2d 758); *Rowe v. Spencer*, 132 Ga. 426, 429 (5) (64 SE 468). Accordingly, special ground 6 is without merit, since the erroneous charge was expressly retracted by the court and the correct instruction then given.

6. Special ground 7 complains that the trial court erred in permitting a witness for the State (a deputy sheriff), to testify that a witness for the defendant (who was arrested at the same time when the defendant was arrested), knew the wit-

778

ness for the State and that he was brought into the sheriff's office on a previous occasion. In objecting to the evidence as to the defendant's witness knowing the State's witness, counsel for the defendant stated that the record showed that the defendant's witness did know the State's witness, and as to the further objection (dealing with the purpose of the defendant's witness being in the sheriff's office on a previous occasion), such objection, as made, was sustained by the trial court. No error is shown by this special ground of the amended motion for new trial.

7. Whether additional evidence is admitted for the State after the defendant has made his statement and closed, is generally a question in the discretion of the trial court. *Gore v. State*, 155 Ga. 642 (3) (118 SE 40). Special ground 8 fails to show an abuse of such discretion by the trial court in permitting the State to introduce additional evidence.

8. The evidence authorized the verdict, and the trial court did not err in denying the defendant's motion for new trial for any reason assigned.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED APRIL 19, 1962.

*Joseph E. Loggins*, for plaintiff in error.
*Earl B. Self, Solicitor-General*, contra.