## 55821. COMMERCIAL & EXCHANGE BANK v. McDANIEL.

SHULMAN, Judge.

Appellant brought suit in July 1976 on a promissory note executed by appellee in 1973. Appellee answered, pleading, among other defenses, a discharge in bankruptcy. Subsequent investigation showed that the debt to appellant was not listed in the bankruptcy petition. The attorney who represented appellee in the bankruptcy court filed a motion in that court to reopen the case and moved for leave to amend the schedules in the bankruptcy petition. The bankruptcy judge issued an

order reopening the case. Appellant was notified and apparently filed an objection to the discharge of the debt here involved (there is no showing in the record that the objection was filed). Twenty-one days after the motion to amend the schedules was filed, the bankruptcy judge entered an order closing the case.

Subsequent to the action in the bankruptcy court, this case came on for trial before a judge sitting without a jury. The sole issue litigated was whether the debt to appellant was discharged in bankruptcy. The trial court, after finding as facts that the above-mentioned motions and orders were made and entered, concluded as a matter of law that the debt was discharged. We disagree and reverse.

"The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." Code Ann. § 38-103. Discharge in bankruptcy is an affirmative defense (Code Ann. § 81A-108 (c)), so appellee had the burden of proving the discharge.

"A prima facie defense to a suit against a bankrupt on a debt existing at the time of filing the petition in bankruptcy is made out by the introduction in evidence of the order of discharge in bankruptcy . . ." *Tyler v. Jones County Bank,* 78 Ga. App. 741, 743 (52 SE2d 547).

Appellee has not satisfied the burden of proving the discharge of the debt involved in this suit. His proof shows that he was permitted, over one year after an order of discharge was entered in the bankruptcy case, to amend the schedules of creditors and that the case was thereafter closed. There was no evidence that an additional order of discharge was issued or that the original order of discharge was amended to include this debt or that the original order of discharge was vacated and a new one entered (in fact, there is not in the record of this case a copy of the original discharge granted appellee in 1975). We are not holding that the debt on which appellee was sued was not discharged in bankruptcy; we merely hold that appellee did not produce evidence of such a discharge sufficient to establish the affirmative defense of discharge in bankruptcy.

At trial, defense counsel stipulated the amount owed

and expressly waived all defenses other than discharge in bankruptcy. Since we have held that appellee-defendant failed to produce sufficient facts to support that defense, the trial court is directed to enter a judgment for appellant in the amount stipulated.

*Judgment reversed with direction. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED SEPTEMBER 7, 1978 — REHEARING DENIED OCTOBER 5, 1978 — 

*Smith & Hamrick, Dewey Smith,* for appellant.
*Murphy, Witcher & Murphy, Jack F. Witcher,* for appellee.