## 66734, 66968. KRAUS et al. v. THE STATE (two cases).

POPE, Judge.

William Robert Kraus and Teresa Dean Toole bring these appeals from their convictions of selling marijuana in violation of the Georgia Controlled Substances Act. *Held:*

1. The state presented two witnesses (both undercover law enforcement employees) who testified as to both appellants' participation in the sale of the marijuana here in issue. Both appellants testified to being present at the time of the sale in question, although their version of the circumstances surrounding the sale differed markedly from the state's. Kraus testified that he took no part in the sale and that Toole was the vendor. Toole's testimony substantially supported that given by Kraus; her primary defense at trial was entrapment.

In their first enumeration of error appellants challenge the denial of their motion for mistrial made upon the testimony of a rebuttal witness for the state. Appellant Kraus testified on cross-examination that he had been employed at a local mental health center in the adult mental health division. He stated that, although he had professed an interest, he had never tried to get into the alcohol and drug abuse division. The rebuttal witness, a co-worker with Kraus at the mental health center, was asked: "Now . . . there's been testimony that Bill Kraus . . . did not express a real interest in joining the alcohol and drug abuse section of the mental health center. I ask you whether or not that is in fact true?" Appellant objected to this question on the ground that it did not accurately reflect his testimony; this objection was overruled. The witness responded that the statement attributed to Kraus by the state was absolutely untrue. The questioning continued: "Q. Would you please state the circumstances that support your contention? A. I will. When we were in the new employee orientation program at the clinic, we were told to be thinking about what type of clients we'd like to be working with. Bill asked me what type of clients I'd like to be working with, and I said at that time that I had no idea. I asked him what type of clients he may like to work with. And he said he wanted to get into the alcohol and drug program. And I said, 'Gee, that probably would be interesting.' He told me at that time that that would be a good place to make drug contacts and a great place to move drugs." Appellant then moved for a mistrial on the grounds that this evidence was completely outside the issues involved in the case, was highly prejudicial, and had so inflamed the minds of the jury that they would be unable to render a fair verdict. Appellant Toole joined in the motion, repeating the defense contention that Kraus had not made the statement attributed to him by the state, and contending that the prejudicial nature of the testimony adversely affected her as well. (Appellants had lived together for six years, and Toole also worked at the mental health clinic.) The state argued that the testimony was admissible to impeach Kraus by disproving facts testified to by him. See OCGA § 24-9-82 (Code Ann. § 38-1802).

The pertinent portion of Kraus' testimony does not support the state's contention that he denied having any interest in working in the alcohol and drug abuse division of the mental health clinic. Therefore, OCGA § 24-9-82 (Code Ann. § 38-1802) provides no basis for admitting this testimony. Nor was the testimony here complained of admissible as impeachment under OCGA § 24-9-84 (Code Ann. § 38-1804), although several witnesses had testified as to Kraus' good character. Nevertheless, the trial court did not err in admitting this testimony.

Our Supreme Court has recently noted that where there is a "sufficient logical connection" between an alleged independent crime and the offense being tried, evidence as to the independent crime is admissible. *Seabrooks v. State,* 251 Ga. 564 (2) (308 SE2d 160) (1983). While the testimony here did not allege an actual crime, it clearly established a predisposition toward trafficking in illegal drugs. The state's witnesses testified that Kraus instigated the offer to sell them marijuana, a charge both appellants denied in their testimony. The thrust of Kraus' defense at trial was his non-participation in the sale, notwithstanding his presence during the transaction. The testimony that, two years prior to the subject sale of marijuana, Kraus had expressed an interest in trafficking in illegal drugs logically tended to disprove his defense and thus was clearly relevant as rebuttal. See generally *Glo-Ann Plastic Indus. v. Peak Textiles,* 134 Ga. App. 924 (1) (216 SE2d 715) (1975).

2(a). Appellants raise three enumerations of error challenging the sufficiency of the evidence to support the verdict. The first of these enumerations cites as error the denial of appellants' motion for directed verdict on the ground that the state failed to introduce the subject marijuana as evidence. The "best evidence rule" applies only to writings and only where the contents of the writings are in issue. *Pryor v. State,* 238 Ga. 698 (9) (234 SE2d 918), cert. den., 434 U. S. 935, rehg. den., 434 U. S. 1003 (1977). The rule does not require that physical evidence (in this case illegal drugs) be introduced into evidence. *Adams v. State,* 142 Ga. App. 252 (4) (235 SE2d 667) (1977); *Brown v. State,* 140 Ga. App. 198 (2) (230 SE2d 349) (1976); *Davis v. State,* 135 Ga. App. 203, 205 (217 SE2d 343) (1975). Thus, notwithstanding the fact that the marijuana itself was not tendered into evidence at trial, the evidence produced by the testimony of the state's witnesses which established a chain of custody from appellants to the State Crime Lab of a substance positively identified as marijuana was sufficient to withstand appellants' motion for directed verdict. See, e.g., *Jackson v. State,* 198 Ga. 714 (1) (32 SE2d 772)

(1945); *Griggs v. State,* 35 Ga. App. 663 (1) (134 SE 333) (1926).

(b). Appellant Toole cites as error the denial of her motion for directed verdict on the ground that the state did not refute her entrapment defense. However, the record evidence discloses a conflict as to the circumstances regarding Toole's participation in the subject crime and, thus, did not demand a finding that Toole was entrapped into the commission of the crime. Therefore, this enumeration has no merit. See *State v. Royal,* 247 Ga. 309 (1) (275 SE2d 646) (1981).

(c). When viewed in a light most favorable to the verdict, the evidence of record, although not without conflict, was more than sufficient to enable any rational trier of fact to have found appellants guilty of selling marijuana beyond a reasonable doubt. See *Anderson v. State,* 152 Ga. App. 268 (3) (262 SE2d 560) (1979).

3. Appellants' final enumeration cites as error a portion of the trial court's charge to the jury, to wit: "I charge you ladies and gentlemen, in a criminal case, the standard by which acts are to be judged is that of the conduct of a reasonable person, and when the evidence shows such conduct which deviates from such normal behavior and a penal statute is violated thereby, it is adjudged to be criminal *unless excused by insanity or delusional compulsion resulting from mental disease, injury, or congenital deficiency.*" Appellants contend that the highlighted portion of this charge, when considered in light of an earlier charge on entrapment, lead the jury "to believe that a reasonable person, even induced by undue persuasion, incitement, or deceitful means, would have to be insane, or suffering from delusional compulsions resulting from mental disease, injury or congenital deficiency to explain their conduct." We cannot agree with this analysis.

The trial court's charge on entrapment began: ". . . I charge you that the law of this state provides that a person is not guilty of a crime if by entrapment. . . ." The two instructions here cited each offered a method by which appellants could have been found not guilty of the crime charged. There was nothing in either instruction, or in the charge when viewed as a whole, which mandated (or even indicated) an interpretation such as that propounded by appellants. "It is not necessary, in considering a charge, to strain its reasonable intendment by problematical adverse constructions, but if it is sufficiently clear to be understood by jurors of ordinary capacity and understanding, that is all that is required." *Roberts v. McClellan,* 80 Ga. App. 199, 205 (55 SE2d 736) (1949). The charge here meets this test.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 28, 1983.

*Daniel B. Kane,* for appellants.
*Arthur E. Mallory III, District Attorney, Blanchette C. Holland, Assistant District Attorney,* for appellee.