### 68679. CANAL INSURANCE COMPANY v. BRYANT.
(325 SE2d 839)

CARLEY, Judge.

Appellant-insurer provided insurance coverage for a truck belonging to appellee-insured. Under the relevant terms of the "COVERAGE AGREEMENTS" of the policy, appellant agreed that it would "pay for *loss* to *covered automobiles* under Coverage: . . . E. COMBINED ADDITIONAL — caused by . . . (d) malicious mischief or vandalism . . . ." (Emphasis in original.) The engine of the truck developed problems. Appellee had the engine repaired and, asserting that the damage was the result of vandalism, filed a claim with appellant. When appellant did not pay the claim, appellee instituted the instant action, seeking payment for his claim, attorney fees, and bad faith penalties. The case was submitted to a jury and a verdict was returned for appellee, awarding him $7,883.01 under the policy, attorney fees, and bad faith penalties. Appellant's motion for new trial was denied and it appeals.

1. The policy contained the following provision: "LIMIT OF LIABILITY: The Limit of [appellant's] liability for *loss* to any one *covered automobile* shall not exceed the least of the following amounts: (a) the actual cash value of such *covered automobile*, or if the *loss* is to a part thereof the actual cash value of such part, at the time of *loss*; or (b) what it would then cost to repair or replace such *covered automobile* or part thereof with other of like kind and quality, with deduction for depreciation . . . ." (Emphasis in original.) Appellant first contends that, under this "LIMIT OF LIABILITY" provision, the evidentiary burden was on appellee to prove which of the two alternatives was the lesser. Since, according to appellant's view of the evidence, appellee did not meet this burden, it asserts on appeal that the verdict awarding $7,883.01 under the policy is not authorized.

As noted above, the relevant language contained in the "COVERAGE AGREEMENTS" of the policy purports to afford coverage "for *loss*" to appellee's truck caused by vandalism. This language establishes appellant's primary obligation under the policy, and the "LIMIT OF LIABILITY" provision has no bearing on *appellee's* evidentiary burden regarding the amount of his recovery. "[U]nder the provisions of the policy now under consideration, the undertaking of the company to insure the owner against 'actual loss or damage' must be taken as the primary obligation, under which the measure of the liability would be the difference between the value of the property

immediately before the injury and its value immediately afterwards ([cit.]); and the stipulation that the liability should not exceed the cost of repair or replacement must be construed as *a subordinate provision, limiting or abating the primary liability, to be pleaded defensively if the insurer would diminish or limit the amount of recovery by reason thereof.* [Cits.]" (Emphasis supplied.) *U. S. Fidelity &c. Co. v. Corbett*, 35 Ga. App. 606, 611 (134 SE 336) (1926). See also *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305, 314 (7) (127 SE2d 454) (1962). " 'The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential.' [Cit.]" *Commercial & Exchange Bank v. McDaniel*, 147 Ga. App. 378, 379 (249 SE2d 97) (1978). Accordingly, the burden of proof with reference to the provisions of the "LIMIT OF LIABILITY" clause was on appellant and appellee had no evidentiary burden in that regard. See generally *Rinzler v. Westinghouse Elec. Corp.*, 103 Ga. App. 201 (119 SE2d 31) (1961).

Accordingly, the only issue on appeal is whether the jury's verdict is within the range of "any evidence" as to the amount of appellee's "loss." Our review of the transcript demonstrates that the jury's verdict is within the range of appellee's own testimony with regard to the amount of his "loss." See generally *Valley Coaches, Inc. v. Streett*, 160 Ga. App. 25 (286 SE2d 313) (1981).

2. Appellant enumerates the general grounds as to the award of bad faith penalties and attorney fees pursuant to OCGA § 33-4-6.

The burden was on appellee to prove appellant's bad faith. Compare OCGA § 33-34-6. See *Binns v. MARTA*, 250 Ga. 847 (301 SE2d 877) (1983). Appellant's defense to liability was, in essence, that the damage was not caused by the insured risk of vandalism but by inadequate maintenance and wear and tear. The issue then is whether there was "any evidence" "which would show that appellant's reliance upon [this] defense was frivolous and unfounded and was asserted without reasonable and probable cause." *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 707 (302 SE2d 605) (1983). We have reviewed the transcript and find, for the reasons discussed in *Progressive Cas. Ins. Co. v. Avery*, supra at 707, that appellee "failed to meet his initial burden of producing 'any' evidence of appellant's 'bad faith' refusal to pay the demand and, accordingly, the award of damages pursuant to OCGA § 33-4-6 ([cit.]) cannot stand. [Cit.]"

3. In its instructions to the jury, the trial court gave a charge on the general legal principles regarding recovery of damages in a contract case. See OCGA §§ 13-6-1, 13-6-2. The trial court then gave a charge which purported to establish the proper measure of damages specifically applicable in the instant suit on the insurance policy. On appeal, appellant asserts that it was error to give the general charge regarding damages in contract actions and that the trial court should

have limited its instructions to the specific legal principles involved in the case. We find no error in giving instructions as to the general principles regarding the recovery of damages in a contract case where, as here, there is no contention that the proper measure of those damages was not also given. See generally *Pollard v. Gammon*, 63 Ga. App. 852, 862 (12 SE2d 624) (1940).

4. Appellant also enumerates as error the giving of an instruction regarding a possible recovery by appellee for mental anguish or emotional distress. After giving the charge which appellant enumerates as error, the trial court immediately informed the jury "that [appellee] is not seeking any damages for any alleged emotional distress but that would not be an item — that could not be recoverable in any event." In view of the trial court's corrective charge, it is clear that any possible error regarding a possible recovery for emotional distress in the instant case was rectified. See generally *Perry v. State*, 105 Ga. App. 776, 777 (5) (125 SE2d 666) (1962).

5. " 'The only error in the case being the award of "bad faith" [penalties and] attorney's fees, the judgment is affirmed with direction that the portion thereof awarding [such penalties and] attorney's fees be written off.' [Cit.]" *Progressive Cas. Ins. Co. v. Avery*, supra at 707 (4).

*Judgment affirmed with direction. McMurray, C. J., Banke, P. J., Birdsong, P. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., dissent.*

DECIDED DECEMBER 5, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

*John R. Reinhardt*, for appellant.
*James D. Hudson*, for appellee.

BEASLEY, Judge, dissenting.

I must respectfully dissent with respect to Division 1 of the majority opinion.

This is a suit on an insurance contract which defines the limit of liability as follows: "The limit of the company's liability for loss to any one covered automobile shall not exceed the least of the following amounts: (a) the actual cash value of such covered automobile, or if the loss is to a part thereof the actual cash value of such part, at time of loss; or (b) what it would then cost to repair or replace such covered automobile or part thereof with other of like kind and quality, with deduction for depreciation; or (c) the limit of liability stated in the declarations as applicable to 'each covered automobile' under the coverage afforded for the loss to such covered automobile, provided that if such limit of liability is expressed as a stated amount it shall,

with respect to a covered automobile newly acquired during the policy period and not described in the declaration, be deemed as having been replaced by 'actual cash value.'"

The diesel engine of the insured's truck suffered damage which the jury found was caused by vandalism, a covered peril. It awarded $7,883, which the evidence presented by plaintiff showed was the cost of repairing the engine. There was no evidence by plaintiff of the actual cash value of the diesel engine, although he presented evidence of the value of the entire truck immediately prior to and immediately after the engine damage. Defendant presented evidence that such an engine had an actual cash value before damage of $2,500 to $3,000. Plaintiff did offer evidence of the cost to repair the engine, and the repair bill for $7,883 plus $1,500 not attributable to the engine, which amount plaintiff was not seeking, was admitted in evidence. Plaintiff's evidence was that there would be no depreciation, and consequently no deduction therefor. The defendant's evidence disputed plaintiff's evidence with regard to cost of repair, showing that it should be approximately $6,000, and that depreciation should be approximately $3,000 so that the reasonable cost of repair less reasonable depreciation would be $3,000.

Unlike tort cases, where the measure of damages is provided by law, in this case the formula is provided by the agreement of the parties, totally and exclusively. The contract does not allow the insured to choose the measure of damages. The contract only allows him the lesser of two amounts. By proving only one amount, he has made no showing that it was the lesser of the two determinable amounts. The contract clearly puts the burden on the one seeking to enforce the liability.

This contract is different from that construed in *U. S. Fidelity &c. Co. v. Corbett*, 35 Ga. App. 606 (134 SE 336) (1926). There the alternative was an optional one which could be invoked by the company, and for that reason, the burden of proving it would be on the company. The insurance contract in this case also has an optional payment provision which may be invoked by the company.[1] That option was not exercised by the insurer and is not relevant to the issues in this case.

The court expressly instructed the jury that the measure of damages would be an amount equal to the lesser of two figures, the actual

---

[1] "With respect to any loss covered by this insurance, the company may pay for said loss in money, or may: (a) repair or replace the damaged or stolen property or (b) return at its expense any stolen property to the named insured, with payment for any resultant damage thereto, at any time before the loss is so paid or the property is so replaced, or (c) take all or any part of the damaged or stolen property at the agreed or appraised value, but there shall be no abandonment to the company."

cash value at the time of the loss or the cost to repair the engine with another of like kind and quality with deduction for depreciation, "whichever of these two amounts would be less." The important aspect of the charge here is that it correctly instructed the jury to find the lesser of the two. There was absolutely no evidence that the actual cash value of the engine was higher than the cost of repair less depreciation. The only evidence was that the actual cash value of the engine was substantially lower than the cost of repair less depreciation, because there was no plaintiff's evidence countering the defendant's evidence that the cash value would be $2500 to $3000. It was not incumbent on the defendant to prove that the cost of repair less depreciation was the lesser amount. It was incumbent on the contract enforcer to establish what he was entitled to, and he could only have the lesser of two determinable amounts.

There having been a failure of the plaintiff to prove the damages to which he was entitled, that is, the lesser of the actual cash value of the diesel engine at the time of loss or the cost of repairing one of like kind and quality, with deduction for depreciation, the court below erred in denying a motion for new trial.

I would agree with the remaining divisions of the majority opinion.

I am authorized to state that Presiding Judge Deen joins in this dissent.