## 75512. PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY v. DAVIS et al.
### (367 SE2d 91)

McMurray, Presiding Judge.

Plaintiffs, Mr. and Mrs. Davis, brought an action against defendant Pennsylvania Millers Mutual Insurance Company seeking to recover under their homeowner's hazard insurance policy for the loss of their air conditioner, which was allegedly damaged after it was struck by lightning during an electrical storm. Plaintiffs further alleged that defendant's refusal to pay according to the insurance policy was in bad faith and they sought statutory damages under OCGA § 33-4-6.

Defendant answered and admitted that it insured plaintiffs' house and that it denied plaintiffs' claim for the loss of their air conditioner. Defendant denied the remaining material allegations of plaintiffs' complaint and alleged that plaintiffs' loss was not covered under their policy of insurance.

The evidence adduced at trial, construed most favorably to support the verdict, showed that plaintiffs' air conditioner malfunctioned immediately after lightning struck "four or five feet from [their] house . . ." during a "thunderstorm" on August 16, 1985. Plaintiffs paid $1,099.35 to repair the air conditioner which required that part of the air conditioning system be replaced. From this and other evidence adduced at trial, a special verdict was returned in plaintiffs' favor which provided as follows: "The plaintiffs' air conditioner was damaged by lightning? Yes (Yes or No) . . . The plaintiffs are entitled to recover from the defendant $1,099.35 damages[;] $ None penalties[;] $1,825.00 attorney fees." The trial court entered judgment on the verdict and this appeal followed. *Held:*

1. First, defendant contends the trial court erred in failing to grant its motion for directed verdict because plaintiffs failed to prove "the fair market value of the air conditioner at the time of the loss as required by the insurance policy.".

An examination of the record and transcript shows that the insurance contract was never admitted into evidence. "The burden is upon the party alleging error to show it affirmatively by the record. *Campbell v. Powell,* 206 Ga. 768, 770 (3) (58 SE2d 829) (1950); *Smith*

*v. Forrester*, 132 Ga. App. 426 (1) (208 SE2d 199) (1974)." *Doster v. Central of Ga. R. Co.*, 177 Ga. App. 393, 400 (7) (339 SE2d 619). Since the insurance contract was not admitted into evidence in the case sub judice, we cannot determine whether plaintiffs complied with the terms of the insurance policy with regard to their proof of damages. In any event, plaintiffs' evidence showing that it cost them $1,099.35 to repair their air conditioner, which required that part of the air conditioning system be replaced, was sufficient to authorize the jury's verdict. This enumeration of error is without merit.

2. Next, defendant enumerates the general grounds as to the award of attorney fees pursuant to OCGA § 33-4-6.

"The burden was on [plaintiffs] to prove [defendant's] bad faith. Compare OCGA § 33-34-6. See *Binns v. MARTA*, 250 Ga. 847 (301 SE2d 877) (1983). [Defendant's] defense to liability was, in essence, that the damage [to plaintiffs' air conditioner] was not caused by the insured risk of [lightning] but by inadequate maintenance and wear and tear. The issue then is whether there was 'any evidence' 'which would show that [defendant's] reliance upon (this) defense was frivolous and unfounded and was asserted without reasonable and probable cause.' *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 707 (302 SE2d 605) (1983)." *Canal Ins. Co. v. Bryant*, 173 Ga. App. 173, 174 (2) (325 SE2d 839).

We have reviewed the entire trial transcript in the case sub judice and find that defendant refused to pay plaintiffs' claim because of an expert's exhaustive opinion that plaintiffs' air conditioner was not damaged by lightning. On the other hand, plaintiffs' expert did not testify as to the reason the air conditioner malfunctioned. He simply testified that when he examined plaintiffs' air conditioner "the contacts were welded on the contacter and the compressor was noisy . . . [s]o I figured the valves and all were damaged due to an excess of running." The only other evidence which indicated that plaintiffs' air conditioner was damaged by lightning was plaintiff Mr. Davis' testimony that the air conditioner began malfunctioning immediately after the lightning struck and that he "knew lightning hit it . . ." because of his experience in observing lightning "hit in the woods." Under these circumstances, we find the award of attorney fees under OCGA § 33-4-6 cannot stand as plaintiffs failed to meet their initial burden of producing "any evidence" of defendant's bad faith refusal to pay their claim. See *Canal Ins. Co. v. Bryant*, 173 Ga. App. 173, 174 (2), supra. Compare *State Farm Fire &c. Co. v. Martin*, 174 Ga. App. 308 (329 SE2d 577).

3. There being neither argument nor citation of authority offered in support of defendant's third enumeration of error, it is deemed abandoned pursuant to Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia. See *Southern R. Co. v. Ga. Kraft Co.*,

183 Ga. App. 884, 886 (7) (360 SE2d 605).

*Judgment affirmed in part and reversed in part. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 4, 1988 —
REHEARING DENIED MARCH 11, 1988 — 

*William A. Zorn*, for appellant.
*James G. Johnson, Jr.*, for appellees.