## 77414. MOTES v. THE STATE.

(375 SE2d 893)

Pope, Judge.

Defendant Travis Charles Motes was convicted of arson in the second degree and cruelty to animals. The evidence showed that defendant and his brother, disturbed at the barking of a neighbor's dog, threw gasoline on the dog and the doghouse to which the dog was chained and then set fire to the gasoline. The doghouse burned down and the dog was severely burned and had to be destroyed as a result of the injuries received in the fire.

1. In his first enumeration of error, defendant argues that the trial court committed harmful, prejudicial and reversible error in denying his motion for new trial. Defendant does not support this vague and broad assertion with any argument or citation of authority. Thus, it is deemed abandoned pursuant to Rule 15 (c) of the Rules of the Court of Appeals of the State of Georgia. See *Pennsylvania Millers Mut. Ins. Co. v. Davis*, 186 Ga. App. 301 (3) (367 SE2d 91) (1988).

2. Defendant also argues that his convictions for arson in the second degree and cruelty to animals were based upon the same act and that his conviction for cruelty to animals must be vacated. We disagree.

OCGA § 16-1-7 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted for more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." "One crime is not included in the other if 'they involve proof of distinct essential elements.' [Cits.]" *Freeman v. State*, 184 Ga. App. 678 (1) (362 SE2d 413) (1987).

The essential elements of arson in the second degree established in this case were defendant's knowingly causing, by fire or explosion, the destruction of a doghouse. See OCGA § 16-7-61 (a). The essential elements of cruelty to animals established by the evidence in this case showed an act which caused unjustifiable physical pain, suffering and death to a dog. See OCGA § 16-12-4 (a). Clearly, the essential elements of each of the crimes differ. The evidence showed that the State carried its burden of proving the distinct elements of each crime.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED DECEMBER 1, 1988.

*L. Eddie Benton, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assis-*

*tant District Attorney*, for appellee.