## A89A1617. AYERS v. THE STATE.
### (390 SE2d 432)

SOGNIER, Judge.

James David Ayers was convicted of child molestation, and he filed this appeal.

1. Appellant raised the general grounds in one enumeration of error, but as he failed to support the enumeration with either argument or citation of authority, pursuant to Rule 15 (c) (2) of this court we deem it abandoned. *Motes v. State*, 189 Ga. App. 430 (1) (375 SE2d 893) (1988).

2. Appellant also contends the trial court erroneously denied his motion for mistrial made after the State adduced testimony that placed his character in issue. The record reveals that both appellant and his mother testified that the molestation victim and her mother, Elmerleen Crisp, moved to Georgia several months before appellant did, and that Crisp's move was not made at appellant's request or instigation. On rebuttal the State called Detective Ronald Simons, who testified that when he questioned appellant's mother during his investigation of the alleged molestation, she told him that "just prior to [appellant] and Elmerleen coming back to Georgia, she received a phone call from [appellant] stating that he would be moving back to Georgia and bringing Elmerleen with him because the authorities [in Nebraska] were trying to take [the victim] away from them on a molestation investigation."

The State effectively concedes that this testimony did place appellant's character in evidence, see OCGA § 24-9-20 (b), but asserts that this double hearsay was admissible under OCGA § 24-9-82 to rebut the testimony of appellant and his mother that he did not bring the victim and Crisp back to Georgia with him. OCGA § 24-9-82 authorizes the admission of evidence of specific bad acts to impeach a criminal defendant (regardless of whether the defendant has placed his or her character in issue) by disproving a fact testified to by the defendant. *Williams v. State*, 257 Ga. 761, 763 (5) (363 SE2d 535) (1988). Pretermitting the question of whether the statute contem-

plates the use of double hearsay testimony, "a witness may not be impeached because of a discrepancy as to a wholly immaterial matter [cit.]," *Thomas v. State*, 168 Ga. App. 587 (1) (309 SE2d 881) (1983), and as the question of whether Crisp and her daughter came to Georgia with appellant was wholly immaterial to the issue of appellant's guilt, Simons' testimony was not admissible to impeach appellant's testimony on that point. See id. However, we find no reversible error because the trial judge gave adequate curative instructions, *Laney v. State*, 159 Ga. App. 609-610 (2) (284 SE2d 114) (1981), and the evidence properly admitted against appellant, which included testimony by the victim that appellant molested her on at least two occasions and Crisp's testimony that she was present during and acquiesced in the molestation of her daughter by appellant, was overwhelming. See *Green v. State*, 187 Ga. App. 373, 374 (1) (370 SE2d 348) (1988). Accordingly, we find no abuse of the trial court's discretion in the denial of appellant's motion for mistrial. See *Norwood v. State*, 252 Ga. 292, 294 (313 SE2d 98) (1984).

*Judgment affirmed. Banke, P. J., and Pope, J., concur specially.*

POPE, Judge, concurring specially.

I concur in Division 1 and the result but I cannot agree with all that is said in Division 2. The State acknowledged that the testimony incidentally placed the defendant's character in issue, but argued that the testimony was proper rebuttal pursuant to OCGA § 24-9-82. I cannot agree that the testimony was "wholly immaterial." The defendant and his mother testified on direct examination that the victim's mother just appeared "out of the blue" with the victim and began living in the defendant's mother's duplex house. The testimony offered by Detective Simons directly rebutted this and established a predisposition toward child molestation. Evidence of this independent crime would have been admissible. *Kraus v. State*, 169 Ga. App. 54 (1) (311 SE2d 493) (1983).

I am authorized to state that Presiding Judge Banke joins in this special concurrence.

DECIDED JANUARY 23, 1990.

*Gary N. Struletz, William M. Clark*, for appellant.

*Thomas J. Charron*, District Attorney, *Nancy I. Jordan*, Assistant District Attorney, for appellee.