## A90A0205. HOLLAND v. THE STATE.

(394 SE2d 578)

McMurray, Presiding Judge.

Defendant was charged via accusation with being in actual physical control of a moving vehicle while under the influence of alcohol and with operating a motor vehicle on the wrong side of the road. The evidence adduced at a jury trial revealed the following:

At about 2:20 in the morning on January 1, 1988, Officer William James Motos of the Gwinnett County Police Department was on patrol when he observed "a 1985 Cadillac" traveling on the wrong side of the roadway in Gwinnett County, Georgia. Officer Motos followed the Cadillac and observed it "weaving . . . back and forth on the shoulder and crossing the centerline." As the errant vehicle approached an intersection where another vehicle was stopped, Officer Motos witnessed a near collision when the Cadillac failed to yield for the stopped car. "[I]t appeared to [Officer Motos] that [the driver of the Cadillac] didn't see the vehicle until the last minute. He slammed on his brakes and when he did, his car, the wheels locked and he skidded, and his car turned a little bit to the sideways in that intersection." Officer Motos then stopped the Cadillac and approached the driver's window. He there observed defendant in the driver's seat and next to defendant there was "a bottle of Jack Daniels whiskey which had been partially consumed." The odor of alcohol permeated defendant's automobile. Defendant's "speech [was] slurred," he had "dilated pupils" and defendant was "slow" retrieving his driver's license. Defendant asked Officer Motos "to let him go." The officer advised defendant that he "was not going to let him go, [but that he] was going to [place] him under arrest for driving under the influence of alcohol and . . . driving on the wrong side of the road. . . ." Defendant was then asked to exit his car and Officer Motos noticed that defendant was unsteady on his feet and that defendant supported himself by holding onto the Cadillac. At that point, Officer Motos administered a series of field sobriety tests. Defendant failed the tests and the officer placed defendant in the patrol car and "read him his rights under the Georgia Implied Consent law. . . ." Defendant refused to submit to a State administered chemical test. Defendant was found guilty on both counts of the accusation and this appeal followed the denial of his motion for new trial. *Held*:

1. In his first and fifth enumerations, defendant contends the trial court erred in allowing Officer Motos' testimony regarding certain circumstances surrounding his arrest. In his fourth enumeration, defendant contends the trial court erred in allowing into evidence the " 'mug shot' " which was taken of defendant after his arrest.

An examination of the trial transcript shows that defendant did not complain when the evidence was offered at trial. "[I]t is well set-

tled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. [Cits.]" *Jefferson v. State*, 157 Ga. App. 324, 325 (2), 326 (277 SE2d 317). Consequently, these enumerations are without merit.

2. In his second enumeration, defendant contends the trial court erred in failing to give the following requested jury instruction: "Ladies and Gentlemen of the Jury, I charge you that the fact that a Defendant refused to permit a chemical analysis of his blood, breath or urine to be done does not raise a presumption that the Defendant was under the influence of alcohol while driving or being in actual physical control of a motor vehicle."

Defendant cites no authority in support of this charge and offers no specific argument in support of his enumeration. "Thus, it is deemed abandoned pursuant to Rule 15 (c) [(2)] of the Rules of the Court of Appeals of the State of Georgia. See *Pennsylvania Millers Mut. Ins. Co. v. Davis*, 186 Ga. App. 301 (3) (367 SE2d 91) (1988)." *Motes v. State*, 189 Ga. App. 430 (1) (375 SE2d 893).

3. In his third enumeration, defendant contends the evidence was insufficient to support the jury's verdicts. We do not agree. The evidence adduced at trial was more than sufficient to enable the jury to find that defendant was guilty, beyond a reasonable doubt, of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Lancaster v. State*, 189 Ga. App. 149 (1) (375 SE2d 281).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 7, 1990.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellant.

*Gerald N. Blaney, Solicitor, Robert Greenwald, Assistant Solicitor,* for appellee.